# <u>Exhibit 1</u>

## Part 1 of 6

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

X

**Brian Stearn**

**Plaintiff**

**V.**

**Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York**

Defendant(s).

To the Person(s) Named as Defendant(s) Above:
**SUMMONS WITH NOTICE**

Index No.:

Date Index No. Purchased

**Plaintiff designates the County of his residence: New York County as Venue**
**Plaintiff Resides At: 250 East 32nd Street New York City New York**

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on the Plaintiff(s) at the address set forth below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

**YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated: July 2nd, 2025

Signature: GERALD M. GOLL

**GERALD M. GOLL, ESQ.**
**THE LAW OFFICE OF GERALD M. GOLL**
**12 MAXWELL ROAD**
**EAST BRUNSWICK NEW JERSEY 08816**
**TEL: (732) 710-8534**
**EMAIL: TUFRMONE@YAHOO.COM**

Defendant's Address: **Protective Life & Annuity Insurance Company (Lic./ NAIC No. 10043) and Authorized to do business and sell disability insurance in the State of New York.**

**Address: 2801 Highway 280 South, Birmingham, AL 35223**

**Defendant Address: Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] NAIC Number 68322 Authorized to do business and sell disability insurance in the State of New York.**

**Address: Empower Annuity Insurance Company Gateway Center Three 7th Floor 100 Mulberry Street Newark, NJ 07102**
**and Empower Annuity Insurance Company of New York Authorized to do business and sell disability insurance in the State of New York**
**NAIC Number: 79359**
**DFS Company ID (CPAF): 658**
**Address: 370 Lexington Ave Suite 703 New York, NY 10017**

---

**NOTICE**: The nature of this action is: This is an action based upon the following causes of action: Breach of Contract, Breach of Contract of Disability Insurance, Breach of the Covenant of Good Faith and Fair Dealing, Bad Faith, Violation of New York Insurance Law Section 2601 Unfair Claims Settlement Practices, Violation of NY Insurance Law 312 Failure to forward Report of Examination, Violation of Section 3105 of the New York Insurance Law, denial based upon non-material representation, Violation of Insurance Law 3209 disclosure requirements of New York State annuities, life insurance and funding agreements, Violation of Insurance Law 3216 Violation of Minimum Standards of Insurance Policies, Violation of Insurance Law 3224, and 3224-a Violation of Prompt Payment of Insurance Claims, Violation of Insurance law 4226, Misrepresentations, misleading statements and incomplete comparisons by insurers. Violation of New York General Obligations Law 6-335 Reduction of Disability Benefits.

**The relief sought is:** "The relief sought is compensatory money damages to be determined by a jury, including compensatory and consequential damages resulting from the defendant wrongful breach of contract, including past due benefits that should have been paid to Plaintiff and future benefits due Plaintiff because of his ongoing and permanent disability, emotional distress, unfair claims practices, and bad faith conduct, together with punitive damages and attorney's fees."

**Relief** is sought for Punitive Damages for Bad Faith, Unfair Claims Settlement Practices, Grossly Negligent Conduct amounting to malice, wanton disregard and recklessness in the wrongful denial of the Plaintiff's disability Insurance in the amount to be determined at Inquest by Jury.

**Should Defendant(s) fail to appear herein**, judgment will be entered by default for amount to be determined by a Jury at Inquest with interest from the date of the Judgment of Default is entered, together with the costs of this action.

**Venue**: Plaintiff(s) designate(s) NEW YORK COUNTY as the place of trial. The basis of this designation is *(check one)*:

☐ XX Plaintiff(s) resides in NEW YORK COUNTY.
☐ The Plaintiff's Address is: **250 East 32nd Street New York City New York**
☐
Defendant(s) reside in ______________ County.
Other *(see CPLR Article 5)*:

Case 1:26-cv-00332-DEH    Document 1-1    Filed 01/14/26    Page 4 of 107

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**
Brian Stearn
**Defendant / Respondent:**
Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York

**AFFIRMATION OF SERVICE**
**Index No:**
**654279/2025**

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in NewYork State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Empower Annuity Insurance Company of New York.

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to ________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ________.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 60 Perceived Race: African American Perceived Gender: Female Weight: 171-200
Height: 5'6" Hair: Black Eyes: Relationship: Legal Assistant/Authorized to Accept Service
Other Glasses

Joseph Donovan
1292936-DCA

Pursuant to NY CPLR § 2106, I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**

Brian Stearn

**Defendant / Respondent:**

Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company (collectively Great West) and Empower Annuity Insurance Company of New York

**AFFIRMATION OF SERVICE**

**Index No:**
**654279/2025**

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Protective Life & Annuity Insurance Company.

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to ________________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ________________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ________________.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Age: | 60 | Perceived Race: | African American | Perceived Gender: | Female | Weight: | 171-200 |
| Height: | 5'6" | Hair: | Black | Eyes: | | Relationship: | Legal Assistant/Authorized to Accept Service |

Other Glasses

Joseph Donovan
1292936-DCA

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

Pursuant to NY CPLR § 2106, I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**AFFIRMATION OF SERVICE**

**Index No:**
**654279/2025**

**Plaintiff / Petitioner:**
Brian Stearn
**Defendant / Respondent:**
Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company (collectively Great West) and Empower Annuity Insurance Company of New York

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company.

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to ________________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ________________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ________________.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 60 Perceived Race: African American Perceived Gender: Female Weight: 171-200
Height: 5'6" Hair: Black Eyes: Relationship: Legal Assistant/Authorized to Accept Service
Other Glasses

Joseph Donovan
1292936-DCA

Pursuant to NY CPLR § 2106, I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2380

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**
Brian Stearn
**Defendant / Respondent:**
Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York

**AFFIRMATION OF SERVICE**
**Index No:**
**654279/2025**

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein. I'm over 18 years of age and reside in New York State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Empower Annuity Insurance Company.

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to ________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ________.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 60 Perceived Race: African American Perceived Gender: Female Weight: 171-200
Height: 5'6" Hair: Black Eyes: Relationship: Legal Assistant/Authorized to Accept Service
Other Glasses

Joseph Donovan
1292936-DCA

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

Pursuant to NY CPLR § 2106. I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**

Brian Stearn

**Defendant / Respondent:**

Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York

**AFFIRMATION OF SERVICE**

**Index No:**
**654279/2025**

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in NewYork State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Empower Annuity Insurance Company of New York.

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to ________________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ________________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ________________.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 60 Perceived Race: African American Perceived Gender: Female Weight: 171-200
Height: 5'6" Hair: Black Eyes: Relationship: Legal Assistant/Authorized to Accept Service
Other Glasses

Joseph Donovan
1292936-DCA

Pursuant to NY CPLR § 2106. I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**

Brian Stearn

**Defendant / Respondent:**

Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York

**AFFIRMATION OF SERVICE**

**Index No:**
**654279/2025**

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Protective Life & Annuity Insurance Company.

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to ________________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ________________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ________________.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

Age: 60 | Perceived Race: African American | Perceived Gender: Female | Weight: 171-200
Height: 5'6" | Hair: Black | Eyes: | Relationship: Legal Assistant/Authorized to Accept Service
Other: Glasses

Joseph Donovan
1292936-DCA

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

Pursuant to NY CPLR § 2106. I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**
Brian Stearn
**Defendant / Respondent:**
Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York

**AFFIRMATION OF SERVICE**

**Index No:**
**654279/2025**

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company.

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to ________________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ________________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ________________.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 60 Perceived Race: African American Perceived Gender: Female Weight: 171-200
Height: 5'6" Hair: Black Eyes: Relationship: Legal Assistant/Authorized to Accept Service
Other Glasses

Joseph Donovan
1292936-DCA

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

Pursuant to NY CPLR § 2106, I affirm this october 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**
Brian Stearn
**Defendant / Respondent:**
Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York

**AFFIRMATION OF SERVICE**
**Index No:**
**654279/2025**

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Empower Annuity Insurance Company.

☐ **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

☒ **Corporation:** a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

☐ **Suitable Person:** by delivering thereat, a true copy of each to ____________ a person of suitable age and discretion.

☐ **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

☐ **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ____________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ____________.

☐ **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 60 Perceived Race: African American Perceived Gender: Female Weight: 171-200
Height: 5'6" Hair: Black Eyes: Relationship: Legal Assistant/Authorized to Accept Service
Other Glasses

Joseph Donovan
1292936-DCA

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

Pursuant to NY CPLR § 2106. I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**
Brian Stearn
**Defendant / Respondent:**
Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York

**AFFIRMATION OF SERVICE**

**Index No:**
**654279/2025**

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Protective Life & Annuity Insurance Company.

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to ________________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ________________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ________________.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
**Age:** 60 **Perceived Race:** African American **Perceived Gender:** Female **Weight:** 171-200
**Height:** 5'6" **Hair:** Black **Eyes:** **Relationship:** Legal Assistant/Authorized to Accept Service
**Other** Glasses

Joseph Donovan
1292936-DCA

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

Pursuant to NY CPLR § 2106, I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BRIAN STEARN,<br><br>*Plaintiff*,<br><br>vs.<br><br>PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY, EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA f/k/a GREAT WEST LIFE & ANNUITY INSURNCE COMPANY [collectively GREAT WEST], and EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK,<br><br>*Defendants*. | Case No.: 654279/2025<br><br>**NOTICE OF APPEARANCE AND DEMAND FOR COMPLAINT** |

PLEASE TAKE NOTICE THAT Defendants Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York[1] (collectively, the "Defendants"), hereby appear in this action and demand that Plaintiff Brian Stearn serve a copy of the complaint and all notices and other papers in this action upon Defendants at the address stated below pursuant to CPLR § 3012.

Dated: October 23, 2025

*/s/ Farrah R. Berse*
Farrah R. Berse, Esq.
MAYNARD NEXSEN, PC
The Fred F. French Building
551 Fifth Avenue, Suite 1600
New York, New York 10176
Telephone: (917) 747-6316
Email: farrah.berse@maynardnexsen.com

[1] Empower Life & Annuity Insurance Company of New York is incorrectly named in the Summons as Empower Annuity Insurance Company of New York.

***Attorneys for Defendants Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York***

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2025, the foregoing was served on the following parties through the Court's electronic filing system and additionally via e-mail:

Gerald M. Goll, Esq.
The Law Office of Gerald M. Goll
12 Maxwell Road
East Brunswick, New Jersey 08816
Telephone: (732) 710-8534
E-mail: tuhrmone@yahoo.com

***Attorney for Plaintiff Brian Stearn***

*/s/ Farrah R. Berse*
Farrah R. Berse

COUNTY OF NEW YORK SUPREME COURT OF THE STATE OF NEW YORK

BRIAN STEARN

Plaintiff(s) - Petitioner(s)

against

Date Filed 7/18/2025
INDEX # 654279/2025

PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY AND EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA F/K/A GREAT WEST LIFE & ANNUITY INSURANCE COMPANY [COLLECTIVELY GREAT WEST] AND EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK

Defendant(s) - Respondent(s)

STATE OF NEW YORK COUNTY OF ALBANY

**PAUL J. SANTSPREE SR.** being duly sworn, deposes and says: That deponent is not a party to this action, is over the age 18 years and has principal place of business in the County of Albany New York. That at **9:38 AM** on **10/22/2025** at **ONE COMMERCE PLAZA, FLR 20, ALBANY, NY 12257** , deponent served a true copy of a

**SUMMONS WITH NOTICE**

upon **EMPOWER ANNUITY INSURANCE COMPANY C/O SUPERINTENDENT OF FINANCIAL SERVICES** the **Defendant** in this action.

**Mailing**

Deponent completed service by depositing a true copy of each along with a $40 check properly sealed and affixed with first class postage and addressed to:
New York State Department of Financial Services, Corporate Affairs Unit,
One Commerce Plaza - 20th Floor, Albany, New York 12257
in an official depository under the exclusive care and custody of the U.S. Postal Service.

10/22/2025

[ X ] The envelope was marked personal and confidential. [ ] The mailing was also made by certified mail receipt number: [ ] A return receipt was requested.
[ ] an additional copy of the summons was mailed to the defendant pursuant to CPLR 3215
Service is being completed through mail due to COVID-19 closures.

[ X ] The above action had endorsed thereon the index number and the filing date.

I affirm this 22 day of October 2025, under the penalties of perjury under the laws of New York, which may include fine or imprisonment that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

10/22/2025 - PAUL J. SANTSPREE SR.

Subpoena Served LLC
101 Crawfords Corner Road
Suite 3-102R
Holmdel, New Jersey 07733
609.619.2330

COUNTY OF NEW YORK SUPREME COURT OF THE STATE OF NEW YORK

BRIAN STEARN

Plaintiff(s) - Petitioner(s)

against

Date Filed 7/18/2025
INDEX # 654279/2025

PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY AND EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA F/K/A GREAT WEST LIFE & ANNUITY INSURANCE COMPANY [COLLECTIVELY GREAT WEST] AND EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK

Defendant(s) - Respondent(s)

STATE OF NEW YORK COUNTY OF ALBANY

**PAUL J. SANTSPREE SR.** being duly sworn, deposes and says: That deponent is not a party to this action, is over the age 18 years and has principal place of business in the County of Albany New York. That at **9:38 AM** on **10/22/2025** at **ONE COMMERCE PLAZA, FLR 20, ALBANY, NY 12257** , deponent served a true copy of a

**SUMMONS WITH NOTICE**

upon **EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK C/O SUPERINTENDENT OF FINANCIAL SERVICES** the **Defendant** in this action.

**Mailing**

Deponent completed service by depositing a true copy of each along with a $40 check properly sealed and affixed with first class postage and addressed to:
New York State Department of Financial Services, Corporate Affairs Unit,
One Commerce Plaza - 20th Floor, Albany, New York 12257
in an official depository under the exclusive care and custody of the U.S. Postal Service.

10/22/2025

[ X ] The envelope was marked personal and confidential. [ ] The mailing was also made by certified mail receipt number: [ ] A return receipt was requested.
[ ] an additional copy of the summons was mailed to the defendant pursuant to CPLR 3215
Service is being completed through mail due to COVID-19 closures.

[X] The above action had endorsed thereon the index number and the filing date.

I affirm this 22 day of October 2025, under the penalties of perjury under the laws of New York, which may include fine or imprisonment that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

10/22/2025 - PAUL J. SANTSPREE SR.

Subpoena Served LLC
101 Crawfords Corner Road
Suite 3-102R
Holmdel, New Jersey 07733
609.619.2330

COUNTY OF NEW YORK SUPREME COURT OF THE STATE OF NEW YORK

BRIAN STEARN

Plaintiff(s) - Petitioner(s)

against

Date Filed 7/18/2025
INDEX # 654279/2025

PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY AND EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA F/K/A GREAT WEST LIFE & ANNUITY INSURANCE COMPANY [COLLECTIVELY GREAT WEST] AND EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK

Defendant(s) - Respondent(s)

STATE OF NEW YORK COUNTY OF ALBANY

**PAUL J. SANTSPREE SR.** being duly sworn, deposes and says: That deponent is not a party to this action, is over the age 18 years and has principal place of business in the County of Albany New York. That at **9:38 AM** on **10/22/2025** at **ONE COMMERCE PLAZA, FLR 20, ALBANY, NY 12257**, deponent served a true copy of a

**SUMMONS WITH NOTICE**

upon **PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY C/O SUPERINTENDENT OF FINANCIAL SERVICES** the **Defendant** in this action.

**Mailing**

10/22/2025

Deponent completed service by depositing a true copy of each along with a $40 check properly sealed and affixed with first class postage and addressed to:
New York State Department of Financial Services, Corporate Affairs Unit,
One Commerce Plaza - 20th Floor, Albany, New York 12257
in an official depository under the exclusive care and custody of the U.S. Postal Service.
[ X ] The envelope was marked personal and confidential. [ ] The mailing was also made by certified mail receipt number: [ ] A return receipt was requested.
[ ] an additional copy of the summons was mailed to the defendant pursuant to CPLR 3215
Service is being completed through mail due to COVID-19 closures.

[ X ] The above action had endorsed thereon the index number and the filing date.

I affirm this 22 day of October 2025, under the penalties of perjury under the laws of New York, which may include fine or imprisonment that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

10/22/2025 - PAUL J. SANTSPREE SR.

Subpoena Served LLC
101 Crawfords Corner Road
Suite 3-102R
Holmdel, New Jersey 07733
609.619.2330

COUNTY OF NEW YORK SUPREME COURT OF THE STATE OF NEW YORK

BRIAN STEARN

Plaintiff(s) - Petitioner(s)

against

Date Filed 7/18/2025
INDEX # 654279/2025

PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY AND EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA F/K/A GREAT WEST LIFE & ANNUITY INSURANCE COMPANY [COLLECTIVELY GREAT WEST] AND EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK

Defendant(s) - Respondent(s)

STATE OF NEW YORK COUNTY OF ALBANY

**PAUL J. SANTSPREE SR.** being duly sworn, deposes and says: That deponent is not a party to this action, is over the age 18 years and has principal place of business in the County of Albany New York. That at **9:38 AM** on **10/22/2025** at **ONE COMMERCE PLAZA, FLR 20, ALBANY, NY 12257** , deponent served a true copy of a

**SUMMONS WITH NOTICE**

upon **EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA F/K/A GREAT WEST LIFE & ANNUITY INSURANCE COMPANY C/O SUPERINTENDENT OF FINANCIAL SERVICES** the **Defendant** in this action.

**Mailing**

Deponent completed service by depositing a true copy of each along with a $40 check properly sealed and affixed with first class postage and addressed to:
New York State Department of Financial Services, Corporate Affairs Unit,
One Commerce Plaza - 20th Floor, Albany, New York 12257
in an official depository under the exclusive care and custody of the U.S. Postal Service.

10/22/2025

[ X ] The envelope was marked personal and confidential. [ ] The mailing was also made by certified mail receipt number: [ ] A return receipt was requested.
[ ] an additional copy of the summons was mailed to the defendant pursuant to CPLR 3215
Service is being completed through mail due to COVID-19 closures.

[X] The above action had endorsed thereon the index number and the filing date.

I affirm this 22 day of October 2025, under the penalties of perjury under the laws of New York, which may include fine or imprisonment that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

10/22/2025 - PAUL J. SANTSPREE SR.

Subpoena Served LLC
101 Crawfords Corner Road
Suite 3-102R
Holmdel, New Jersey 07733
609.619.2330

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
**————————————————————————————X**

**BRIAN STEARN,**

**Plaintiff,**

**Index No.: 654279/2025**

**VERIFIED COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

**-against-**

**PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY, EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA f/k/a GREAT WEST LIFE & ANNUITY INSURANCE COMPANY, and EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK**

**Defendants.**
**————————————————————————————X**

**Plaintiff BRIAN STEARN, by his attorney Gerald M. Goll, Esq., the Law Office of Gerald M. Goll, hereby alleges as follows:**

**PARTIES**

**1. Plaintiff BRIAN STEARN ("Plaintiff") is an individual residing at 250 East 32nd Street, New York, NY, and at all relevant times was insured under the American Dental Association Group Disability Income Protection Plan, Policy No. 1105DGH-IPP-NY, Certificate No. 435941.**

**2. Defendant Protective Life & Annuity Insurance Company ("Protective") is an insurance company licensed and authorized to issue and administer disability insurance in the State of New York, with its principal mailing address at 2801 Highway 280 South, Birmingham, AL 35223.**

**3. Defendant Empower Annuity Insurance Company of America, formerly known as Great-West Life & Annuity Insurance Company ("Empower America"), is licensed and authorized to issue and administer disability insurance in the State of New York, with a principal address at Gateway Center Three, 7th Floor, 100 Mulberry Street, Newark, NJ 07102.**

**4. Defendant Empower Annuity Insurance Company of New York ("Empower NY") is an insurance company authorized to issue and administer disability insurance contracts in New York, with its principal office at 370 Lexington Avenue, Suite 703, New York, NY 10017.**

**JURISDICTION AND VENUE**

**5. Jurisdiction is proper pursuant to CPLR §§ 301 and 302 because Defendants transact business in New York, issue and administer insurance in New York, and the causes of action arise directly from Defendants' insurance transactions directed at this Plaintiff within New York.**

**6. Venue is proper in New York County under CPLR § 503 because Plaintiff resides in New York County. Venue was designated accordingly in the Summons With Notice.**

**PRELIMINARY STATEMENT**

**7. This action arises from Defendants' wrongful reduction, rescission, and partial repudiation of Plaintiff's disability insurance benefits under his long-standing ADA Group Disability Insurance Certificate.**

**8. Plaintiff became disabled in or about 2022. Defendants initially approved disability benefits but then, issued retroactive check adjustments, and purported to "reform" the contract after the claim had already been approved and paid.**

**9. Defendants' actions constitute post-claim underwriting, which is unlawful in New York; materiality under Insurance Law § 3105 is not met; the alleged nondisclosure was not material to the risk; and Defendants' conduct violated multiple provisions of the New York Insurance Law governing fair settlement practices, disclosures, prompt payment, contract standards, and misrepresentation prohibitions.**

**10. Defendants' reduction of Plaintiff's contracted-for benefits, their misapplication of Illinois "situs" in an attempt to circumvent New York protections, and their bad-faith conduct caused Plaintiff substantial financial, emotional, and professional harm.**

**STATEMENT OF FACTS**

**11. On April 27, 1998, Plaintiff became insured under ADA Group Disability Policy No. 1105DGH-IPP-NY. The Certificate originally provided $8,000 per month in long-term disability benefits.**

**12. On June 15, 2013, Plaintiff applied to increase coverage from $8,000 to $15,000. Defendants approved the increase effective September 3, 2013.**

**13. Plaintiff paid premiums continuously for the increased $15,000 benefit for nearly a decade, without interruption, complaint, or indication from Defendants that the coverage had been improperly issued.**

**14. On October 15, 2022, Plaintiff filed a disability claim. Defendants accepted liability and began paying benefits beginning January 27, 2023.**

**15. After paying benefits, Defendants began demanding documents unrelated to the original underwriting process and initiated an after-the-fact "investigation" designed to retroactively reduce benefits.**

**16. On May 25, 2023, Defendants issued a letter (Protective Life and Annuity Insurance Company correspondence) purporting to rescind Plaintiff's contracted-for $15,000**

**benefit and reduce it to $10,000, alleging nondisclosure of other disability policies.**

**17. Defendants acknowledged that Plaintiff had been issued additional disability coverage in 2003 and 2006, but these policies had been known to carriers for years, and Defendants had a full opportunity to obtain underwriting information at issuance and during the decade Plaintiff paid premiums.**

**18. The alleged nondisclosure was not material under Insurance Law § 3105, and Defendants' reliance on it is pretextual.**

**19. Defendants' letter unilaterally declared the 2013 benefit increase "rescinded" and "reformed" the contract to reduce benefits to $10,000 per month.**

**20. Defendants also issued three separate checks purportedly representing refunds and adjustments: $35,942.67, $13,066.66, and $385.15. These checks were not accepted by the Plaintiff and did not constitute an acceptance or acquiesce of claim.**

**21. These checks were issued as part of Defendants' attempt to force Plaintiff to accept a reduced monthly benefit under duress. Plaintiff did accept or cash the payment and the actions of the parties not constitute a settlement, accord and acceptance or acquiesce of claim.**

**22. Defendants' actions constitute bad faith, unfair claims settlement practices, misrepresentation, improper claim denial, and post-claim underwriting, all prohibited under New York law.**

**23. Plaintiff has been damaged by Defendants' refusal to honor the contracted-for $15,000 per month benefit and their ongoing intentional and reckless conduct.**

**<u>AS AND FOR THE PLAINTIFF'S FIRST CAUSE OF ACTION</u>**
**<u>Breach of Contract</u> (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**24. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 23 as if fully set forth herein.**

**25. Plaintiff and Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York entered into a valid and enforceable disability insurance contract, including the Certificate issued under ADA Group Disability Policy No. 1105DGH-IPP-NY, with a monthly benefit of $15,000, effective September 3, 2013.**

**26. Plaintiff fully performed all contractual obligations, including submission of accurate disability claim documentation and the payment of all premiums for the increased $15,000 monthly benefit for approximately ten years.**

**27. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York accepted these premiums, renewed the coverage annually, and**

**continued the policy in force without objection.**

**28. Upon Plaintiff's disability in 2022, Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York initially paid benefits, thereby acknowledging contractual liability.**

**29. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York wrongfully reduced the benefit amount from $15,000 to $10,000, purportedly "rescinding" or "reforming" the benefit increase based on alleged misrepresentations that were not material, were known or knowable to Defendants, and could not justify rescission under New York Law.**

**30. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's refusal to pay the contracted-for $15,000 per month constitutes a material breach of contract.**

**31. As a direct and proximate result, Plaintiff has been damaged in an amount to be determined by a jury, including but not limited to unpaid past benefits, unpaid future benefits, consequential damages, and financial hardship.**

**AS AND FOR THE PLAINITIFF'S SECOND CAUSE OF ACTION**
**Breach of Contract of Disability Insurance (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**32. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 31 as if fully set forth herein.**

**33. A disability insurance policy is a contract for a specific monthly benefit, here $15,000 per month, in the event of Plaintiff's total disability.**

**34. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York were obligated to evaluate Plaintiff's disability claim in accordance with the specific contractual terms, without retroactively altering, revising, reducing, or rescinding the contracted benefit amount.**

**35. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's unilateral "reformation," announced in their letters dated May 25, 2023, constitutes an unlawful modification of the policy after the disability occurred and after benefits commenced.**

**36. Under New York law, insurers may not engage in post-claim underwriting or retroactively alter a benefit after a disability claim has arisen.**

**37. The Certificate's "Time Limit on Certain Defenses" provision does not permit rescission or reduction after the carrier accepted premiums for a decade and after**

**liability was acknowledged.**

**38. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's reduction of Plaintiff's monthly benefit violated the terms of the disability insurance contract they issued, renewed, and accepted premiums for.**

**39. Plaintiff has suffered damages including the loss or delay of disability income, financial strain, and other consequential damages.**

**AS AND FOR THE PLAINITIFF'S THIRD CAUSE OF ACTION**
**Breach of the Covenant of Good Faith and Fair Dealing (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**40. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 39 as if fully set forth herein.**

**41. Every insurance contract in New York contains an implied covenant that neither party will engage in conduct that deprives the other of the benefits of the agreement.**

**42. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York breached the implied covenant by:**

**a. Engaging in post-claim underwriting in order to reduce or avoid payment.**
**b. Purporting to "rescind" or "reform" the contracted benefit after Plaintiff became disabled.**
**c. Misrepresenting the applicability of Illinois law to avoid New York protections.**
**d. Issuing coercive refund checks intended to force Plaintiff to accept a unilateral contract reduction.**
**e. Failing to conduct a fair, timely, and lawful claims investigation.**
**f. Employing pretextual defenses based on alleged nondisclosures that were not material under New York Insurance Law § 3105.**
**g. Exploiting Plaintiff's disability and financial vulnerability to reduce contractual obligations.**

**43. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's conduct was intentional, reckless, malicious, and in knowing disregard of Plaintiff's rights.**

**44. As a result of Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's breach of the covenant of good faith and fair dealing, Plaintiff has suffered financial loss, severe emotional distress, disruption of personal and professional life, and other damages to be determined at trial.**

**AS AND FOR THE PLAINITIFF'S FOURTH CAUSE OF ACTION**

**Bad Faith (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**45. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 44 as if fully set forth herein.**

**46. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York owed Plaintiff a duty to act in good faith, to evaluate his disability claim honestly, and to refrain from using deceptive or coercive tactics to deny or reduce benefits.**

**47. Instead, Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York engaged in a systematic pattern of bad-faith conduct, including:**

**a. intentionally delaying the claim review;**
**b. demanding irrelevant documentation after liability had been accepted;**
**c. asserting pretextual misrepresentation claims;**
**d. manipulating "situs" language to apply Illinois law to a New York disability contract;**
**e. issuing "refund" checks to pressure Plaintiff to accept a reduced benefit;**
**f. ignoring controlling New York statutes protecting insureds;**
**g. attempting to rescind coverage after paying benefits;**
**h. falsely characterizing Plaintiff's disclosures as "material misrepresentations" when they were not.**

**48. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's conduct was designed to reduce their financial exposure, without regard to the contract or Plaintiff's rights.**

**49. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's actions were willful, wanton, reckless, and undertaken with malice and conscious disregard for Plaintiff's financial and personal well-being.**

**50. As a direct and proximate result, Plaintiff suffered monetary loss, disruption of livelihood, severe emotional distress, and other damages.**

**AS AND FOR THE PLAINITIFF'S FIFTH CAUSE OF ACTION**
**Violation of New York Insurance Law § 2601 Unfair Claims Settlement Practices**
**(Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**51. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 50 as if fully set forth herein.**

**52. Insurance Law § 2601 prohibits insurers from engaging in unfair claims settlement practices, including:**

**a. misrepresenting pertinent facts or policy provisions;**
**b. failing to promptly and fairly settle claims;**
**c. failing to adopt and implement reasonable standards for claim investigation;**
**d. compelling insureds to accept reduced benefits to avoid litigation;**
**e. failing to provide reasonable written explanations of claim denials or reductions.**

**53. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York violated § 2601 by:**

**a. mischaracterizing a decade-old underwriting issue as "material";**
**b. using out-of-state law to evade New York consumer protections;**
**c. attempting unlawful contract reformation after the claim was approved;**
**d. delaying payment and issuing coercive refund checks;**
**e. failing to conduct a fair, objective, and timely investigation;**
**f. misrepresenting the significance of Plaintiff's additional coverage.**

**54. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's conduct constitutes unfair claims settlement practices and entitles Plaintiff to damages including punitive damages due to the pattern, frequency, and intentional nature of the violations.**

**AS AND FOR THE PLAINITIFF'S SIXTH CAUSE OF ACTION**
**Violation of New York Insurance Law § 312 Failure to Forward Report of Examination**
**(Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**55. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 54 as if fully set forth herein.**

**56. Insurance Law § 312 requires insurers to forward reports of insurance examinations and to maintain transparency in relevant documentation.**

**57. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York relied on purported underwriting "discoveries" and internal "reviews" to justify the contract reduction but failed to provide Plaintiff with copies of any records, reports, or internal audits they claim to have relied upon.**

**58. Plaintiff demanded documentation directly or indirectly through correspondence, but Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York did not forward the full examination materials.**

**59. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's failure violated Insurance Law § 312 and further evidences a pattern of concealment and unfair claims practices.**

**60. As a result, Plaintiff suffered harm including the inability to meaningfully contest the reduction and increased costs associated with counsel and administrative review.**

**SEVENTH CAUSE OF ACTION**
**Violation of New York Insurance Law § 3105 and Unlawful Denial Based Upon a Non-Material Representation (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**61. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 60 as if fully set forth herein.**

**62. Under Insurance Law § 3105, an insurer may only deny, rescind, or reduce insurance coverage based upon a material misrepresentation that would have led the insurer to refuse coverage had the truth been known.**

**63. The alleged nondisclosure here—other disability policies issued in 2003 and 2006—was:**

**a. not material to the risk;**
**b. known or readily discoverable by Defendants;**
**c. unrelated to the cause of disability;**
**d. not grounds for rescission a decade later;**
**e. barred by the Time Limit on Certain Defenses;**
**f. never shown to have changed underwriting decisions at the time.**

**64. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's own conduct contradicts their claim of materiality, as they:**

**a. approved the benefit increase in 2013;**
**b. accepted premiums for the $15,000 benefit for ten years;**
**c. paid initial disability benefits at the higher rate;**
**d. conducted no contemporaneous underwriting.**

**65. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's attempted contract "reformation" to $10,000 per month is therefore unlawful and void under § 3105.**

**66. Plaintiff has sustained damages including loss of contracted benefits and consequential financial losses.**

**EIGHTH CAUSE OF ACTION**
**Violation of New York Insurance Law § 3209**
**Disclosure Requirements for Annuities, Life Insurance, and Funding Agreements (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**67. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 66 as if fully set forth herein.**

**68. Insurance Law § 3209 requires insurers issuing life, annuity, and certain disability-related products to provide clear and accurate disclosure materials at the time of application and upon issuance of coverage or amendments.**

**69. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York failed to provide Plaintiff with adequate disclosures concerning the underwriting criteria, the alleged limitations relating to additional disability coverage, and any implications regarding the maintenance or increase of the disability benefit.**

**70. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York also failed to disclose that they would later seek to rescind or reduce the benefit based on alleged preexisting coverage, despite collecting premiums for a $15,000 benefit for almost a decade.**

**71. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's disclosure omissions prevented Plaintiff from understanding the purported bases Defendants would later use to deny or reduce benefits.**

**72. As a result of Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's failure to comply with § 3209, Plaintiff suffered financial loss and was deprived of the protections afforded by New York insurance regulations.**

**AS AND FOR THE PLAINITIFF'S NINTH CAUSE OF ACTION**
**Violation of New York Insurance Law § 3216**
**Minimum Standards for Insurance Policies (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**73. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 72 as if fully set forth herein.**

**74. Insurance Law § 3216 sets forth mandatory minimum standards for individual accident and health insurance policies, including disability insurance.**

**75. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York violated § 3216 by:**

**a. issuing a policy that did not comply with mandatory disclosure and renewal requirements;**
**b. failing to include clear, legally required language regarding benefit rescission limitations;**
**c. attempting to enforce contract alterations not authorized under New York law;**
**d. purporting to reduce benefits without providing the disclosures required for such**

**actions.**

**76. The attempted rescission of the $15,000 benefit violates minimum policy standards, as it contradicts the statutory framework that governs the issuance and continuation of disability insurance in New York.**

**77. As a result of these violations, Plaintiff suffered financial damages including loss of contracted disability benefits.**

**AS AND FOR THE PLAINITIFF'S TENTH CAUSE OF ACTION**
**Violation of New York Insurance Law §§ 3224 and 3224-a - Prompt Payment of Insurance Claims (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**78. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 77 as if fully set forth herein.**

**79. Insurance Law §§ 3224 and 3224-a require insurers to promptly review and pay claims and prohibit unnecessary delays, reductions, or withholding of benefits.**

**80. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York violated these requirements by:**

**a. delaying payments after liability was acknowledged;**
**b. suspending full payment without lawful basis;**
**c. issuing partial payments followed by coercive refund checks;**
**d. engaging in post-claim underwriting to justify delay and reduction;**
**e. failing to adhere to statutory timeframes for continued disability benefit review.**

**81. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's actions constitute repeated failures to promptly pay valid claims.**

**82. As a direct result, Plaintiff was deprived of essential disability income, suffered hardship, and incurred additional costs.**

**AS AND FOR THE PLAINITIFF'S ELEVENTH CAUSE OF ACTION**
**Violation of New York Insurance Law § 4226 - Misrepresentations, Misleading Statements, and Incomplete Comparisons by Insurers**
**(Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**83. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 82 as if fully set forth herein.**

**84. Insurance Law § 4226 prohibits insurers from issuing or circulating:**

**a. deceptive or misleading representations;**

**b. incomplete policy comparisons;**
**c. statements that misrepresent the benefits, advantages, conditions, or terms of a policy.**

**85. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York violated § 4226 by:**

**a. misrepresenting the nature of Plaintiff's benefits;**
**b. falsely asserting that Plaintiff was ineligible for the $15,000 benefit;**
**c. issuing misleading statements purporting to "reform" the policy retroactively;**
**d. using incomplete and inaccurate comparisons to justify benefit reductions;**
**e. failing to disclose controlling New York law.**

**86. These misrepresentations were deliberate and intended to reduce Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's financial obligations.**

**87. Plaintiff suffered damages including diminished disability benefits, financial distress, and other harms.**

**AS AND FOR THE PLAINITIFF'S TWELFTH CAUSE OF ACTION**
**Violation of New York General Obligations Law § 5-335 -Reduction of Disability Benefits (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**88. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 87 as if fully set forth herein.**

**89. General Obligations Law § 5-335 prohibits insurers from reducing or reclaiming disability payments via improper setoffs, subrogation-style reductions, or coercive repayment mechanisms.**

**90. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York violated § 5-335 by:**

**a. reducing Plaintiff's contracted-for disability benefit from $15,000 to $10,000;**
**b. issuing coercive refund checks to induce acceptance of reduced coverage;**
**c. attempting to recoup premiums paid for the higher benefit;**
**d. using extrajudicial methods to force a contract modification.**

**91. These actions unlawfully interfered with Plaintiff's statutory entitlement to disability benefits.**

**92. As a consequence, Plaintiff suffered economic damages and consequential losses.**

**THIRTEENTH CAUSE OF ACTION**

**Further Bad Faith, Recklessness, Malice, Wanton Disregard, and Gross Negligence**
**(Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**93. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 92 as if fully set forth herein.**

**94. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's conduct in this case reflects a longstanding pattern of reckless disregard for Plaintiff's rights and a purposeful intent to avoid contractual obligations.**

**95. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's actions constitute:**

**a. gross negligence;**
**b. willful misconduct;**
**c. wanton disregard of statutory and contractual duties;**
**d. malicious intent to deprive Plaintiff of disability benefits.**

**96. Such conduct warrants punitive damages to deter similar misconduct by Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, Defendant Empower Annuity Insurance Company of New York and others in the insurance industry.**

**AD DAMNUM CLAUSE (Relief Requested)**

**97. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 96 as if fully set forth herein.**

**WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:**

**A. Compensatory Damages**
**For all unpaid disability benefits owed under the contract, including but not limited to retroactive benefits calculated at the full $15,000 per month, with statutory interest.**

**B. Future Disability Benefits**
**A declaratory determination that Defendants must continue paying Plaintiff $15,000 per month for the duration of his disability, consistent with the contract and New York Insurance Law.**

**C. Consequential Damages**
**For all reasonably foreseeable economic losses, including loss of income, financial distress, and additional costs incurred due to Defendants' conduct.**

**D. Emotional Distress Damages**
**For severe emotional harm caused by Defendants' bad-faith and reckless actions.**

**E. Punitive Damages**
**In an amount to be determined by a jury, due to Defendants' willful, malicious, grossly negligent, wanton, and reckless conduct.**

**F. Attorneys' Fees and Costs**
**Including the reasonable fees of Plaintiff's attorney, pursuant to New York law and the court's inherent equitable powers.**

**G. Statutory Damages**
**Under the relevant sections of the New York Insurance Law and General Obligations Law.**

**H. Declaratory Relief**
**Declaring that Defendants' attempted rescission, reformation, reduction, or "adjustment" of the Certificate is void and unenforceable under New York law.**

**I. Injunctive Relief**
**Enjoining Defendants from further reducing, denying, delaying, or interfering with Plaintiff's disability benefits.**

**J. Any further relief**
**As the Court deems just, proper, and equitable.**

Dated November 12th, 2025 **Electronically Signed for All Affirmations [-S-] Gerald M. Goll**

**Gerald M. Goll, Esq.**
**NYS Bar No. 1865096**
**The Law Office of Gerald M. Goll**
Tel:(732) 710-8534
Fax: (732) 254-4862
Email: Tufrmone@yahoo.com

**To: Farrah R. Berse, Esq.**
**MAYNARD NEXSEN, PC**
**The Fred F. French Building**
**551 Fifth Avenue, Suite 1600**
**New York, New York 10176**
**Telephone: (917) 747-6316**
**Email: farrah.berse@maynardnexsen.com**
**Attorneys for: Empower Life & Annuity Insurance Company of New York ,** ***Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York***

**DEMAND FOR A JURY TRIAL**

Plaintiff Brian Stearn hereby demands a trial by jury of all issues of fact.

Dated November 12th, 2025 **Electronically Signed for All Affirmations [-S-] Gerald M. Goll**

**Gerald M. Goll, Esq.**
**NYS Bar No. 1865096**
**The Law Office of Gerald M. Goll**
Tel:(732) 710-8534
Fax: (732) 254-4862
Email: Tufrmone@yahoo.com

**To: Farrah R. Berse, Esq.**
**MAYNARD NEXSEN, PC**
**The Fred F. French Building**
**551 Fifth Avenue, Suite 1600**
**New York, New York 10176**
**Telephone: (917) 747-6316**
**Email: farrah.berse@maynardnexsen.com**
**Attorneys for: Empower Life & Annuity Insurance Company of New York ,** ***Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York***

## CERTIFICATION OF NO OTHER LITIGATION

The undersigned does hereby certify that the matter in controversy is the subject of no other pending lawsuits, proceedings or arbitration so in existence or currently contemplated of which I am aware.

Respectfully Submitted

Dated: October 2nd, 2024.

**Electronically Signed [-S-] Gerald M. Goll**
Gerald M. Goll, Esq. Defendant Pro Se
Tel:(732) 710-8534
Fax: (732) 254-4862
Email: Tufrmone@yahoo.com

## CERTIFICATION OF NO OTHER PENDING LAWSUITS AND REMOVAL OF ALL PERSONAL IDENTIFIERS

**The Plaintiff Brian Stearn by and through his attorney, The Law Office of Gerald M.Goll hereby certifies and affirms that the causes of action in the Complaint are not the subject of any other pending lawsuits, proceedings or arbitration now in existence or currently contemplated of which the Plaintiff is aware.**

**I further affirm affirm and certify that the confidential personal identifiers have been redacted from documents now submitted to the Court and wil be redacted from all documents submitted in the future ni accordance with Rules of this Court.**

## Verification of Complaint

Pursuant to CPLR 3020, Gerald M. Goll, Esq., attorney for Plaintiff Brian Stearn hereby verifies, affirms and certifies that the above pleading is true to the best of the knowledge of the undersigned except as to those matters stated to be made upon information and belief and as to those matters the undersigned believes them to be true.

The source of the undersigned's knowledge is the interviews and conversations with my client Brian Stearn and upon a review of the legal file maintained by this office.

This Complaint is verified by the undersigned attorney because the Plaintiff neither resides, works nor is present in the county in which the Attorney maintains his office.

**Dated: November 12th, 2025** Electronically Signed, Affirmed [-S-] Gerald M. Goll

**Gerald M. Goll, Esq.**
**NYS Bar No. 1865096**
**The Law Office of Gerald M. Goll**
Tel:(732) 710-8534
Fax: (732) 254-4862
Email: Tufrmone@yahoo.com

## CERTIFICATION PURSUANT TO NYCRR 22 SEC 130-1.1A

Gerald M. Goll, an attorney duly admitted to the Courts of the State of New York hereby affirms and certifies that to the best of my knowledge, information and belief, formed after reasonable inquiry with my client and a review of the Complaint and attached legal documents:

**(1)** the presentation of the Plaintiff's Complaint or the contentions therein are not frivolous as defined in section 130-1.1(c) of this Subpart; and

**(2)** in that this document is a response to an initial pleading

**(i)** the undersigned hereby certifies and affirms that matter contained in the responding document therein was not obtained through illegal conduct, or that if it was, the parties responsibility for the illegal conduct do not include the undersigned attorney and are are not participating in the matter nor sharing in any fee earned therefrom; and

**(ii)** **(ii)** the matter was not obtained in violation of Part 1200. Rule 4.5 of this Title.

## AFFIRMATION OF SERVICE VIA ELECTRONIC SUBMISSION TO THE COURTS (ECOURTS) AND BY EMAIL:

**GERALD M. GOLL, an attorney duly admitted to the Supreme Court of the State of New York hereby affirms and certifies the following:**

1. **The undersigned represents Brian Stearn Plaintiff in in this action.**
2. **The Plaintiff herein, via the undersigned attorney validly served a copy of the following document(s): The Complaint and Demands for Discovery.**

**on the Following:** **Farrah R. Berse, Esq.**
**MAYNARD NEXSEN, PC**
**The Fred F. French Building**
**551 Fifth Avenue, Suite 1600**
**New York, New York 10176**
**Telephone: (917) 747-6316**
**Email: farrah.berse@maynardnexsen.com**
**Attorneys for: Empower Life & Annuity Insurance Company of New York ,** ***Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York***

by electronically uploading and submitting the aforesaid documents to the NYS E Courts website and by emailing a copy of the documents to Farrah R. Berse, Esq. / MAYNARD NEXSEN PC to their email addresses:

**farrah.berse@maynardnexsen.com**

Dated November 12th, 2025 **Electronically Signed for All Affirmations [-S-] Gerald M. Goll**

**Gerald M. Goll, Esq.**
**NYS Bar No. 1865096**
**The Law Office of Gerald M. Goll**
Tel:(732) 710-8534
Fax: (732) 254-4862
Email: Tufrmone@yahoo.com

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
**——————————————————————————X**

**BRIAN STEARN,**

**Plaintiff,**

**PLAINTIFF'S FIRST DEMAND FOR PRODUCTION OF DOCUMENTS**

**Index No.: 654279/2025**

**-against-**

**PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY, EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA, and EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK,**

**Defendants.**
**——————————————————————————X**

**Plaintiff BRIAN STEARN, by his attorney Gerald M. Goll, Esq., pursuant to CPLR § 3120, hereby demands that Defendants PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY, EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA, and EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK produce for inspection and copying the following documents within thirty (30) days of service of this demand:**

**DEFINITIONS**

**1. "Document" means any writing, recording, drawing, graph, chart, photograph, recording, data compilation, electronically stored information (ESI), email, text message, instant message, and any other data or information of any kind, including all drafts and copies bearing notations or marks not found on the original.**

**2. "Communication" means any transmission of information by any means, including but not limited to oral, written, electronic, or digital transmission.**

**3. "Defendants" means PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY, EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA, EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK, and their respective parents, subsidiaries, affiliates, predecessors, successors, agents, employees, representatives, and assigns.**

**4. "Dr. Stearn" or "Plaintiff" means BRIAN STEARN.**

**5. "Application" means the June 15, 2013 application by Dr. Stearn to increase his disability insurance coverage from $8,000 per month to $15,000 per month.**

**6. "Certificate" means Certificate No. 435941 issued to Dr. Stearn under ADA Group Disability Policy No. 1105DGH-IPP-NY.**

**7. "Group Policy" means ADA Group Disability Policy No. 1105DGH-IPP-NY.**

**8. "Claim" means Dr. Stearn's disability insurance claim filed on or about October 15, 2022.**

**9. "Rescission" means Defendants' May 25, 2023 letter and subsequent actions purporting to reduce Dr. Stearn's monthly benefit from $15,000 to $10,000.**

**10. "Other Coverage" means the disability insurance policies issued to Dr. Stearn by HILB (now New York Life) on June 1, 2003 ($6,000/month) and December 1, 2006 ($4,000/month).**

**11. "Relevant Time Period" means April 27, 1998 to present.**

**INSTRUCTIONS**

**A. Each demand shall be deemed continuing and Defendants shall supplement their responses as additional responsive documents are discovered or created.**

**B. If any document was but is no longer in Defendants' possession, custody, or control, state what disposition was made of it, when, by whom, and the reason therefor.**

**C. If Defendants claim any privilege as to any document, provide a privilege log identifying: (1) type of document; (2) date; (3) author; (4) addressees; (5) subject matter; (6) privilege claimed; and (7) basis for privilege.**

**D. Documents shall be produced in their entirety, including all attachments, appendices, and exhibits.**

**E. Documents shall be organized and labeled to correspond with the categories in this demand.**

**F. Electronic documents shall be produced in native format with metadata intact.**

**DOCUMENT DEMANDS**

**CATEGORY 1: APPLICATION AND UNDERWRITING DOCUMENTS (2013)**

**1. The complete June 15, 2013 Application submitted by Dr. Stearn to increase coverage from $8,000 to $15,000 per month, including all pages, attachments, supplements, schedules, worksheets, and any instructions or guidance provided to applicants.**

**2. All documents relating to the underwriting review of the June 15, 2013 Application, including but not limited to:**

- **a. Underwriting worksheets**
- **b. Medical records reviewed**
- **c. Financial information reviewed**
- **d. Underwriting notes and memoranda**
- **e. Underwriting recommendations**
- **f. Underwriting decisions and approvals**
- **g. Any requests for additional information**
- **h. Any communications with Dr. Stearn regarding the Application**

**3. All underwriting guidelines, manuals, procedures, protocols, and standards in effect in June 2013 relating to:**

**a. Increases in disability insurance coverage**
**b. Coordination of benefits with other disability insurance**
**c. Total disability coverage limits**
**d. Disclosure requirements for other insurance**
**e. Questions to be asked on applications**
**f. Standards for approving or denying coverage increases**

**4. All documents showing the underwriting criteria that would have been applied to Dr. Stearn's Application if the Other Coverage had been disclosed, including calculations showing how the $10,000 figure referenced in the May 25, 2023 letter was determined.**

**5. All communications between any Defendants' employees or agents regarding Dr. Stearn's June 15, 2013 Application from June 1, 2013 to October 1, 2013.**

**6. All documents evidencing approval of Dr. Stearn's Application and increase of coverage to $15,000 per month effective September 3, 2013.**

**CATEGORY 2: CERTIFICATE, GROUP POLICY, AND POLICY DOCUMENTS**

**7. The complete Certificate No. 435941 issued to Dr. Stearn, including all pages, endorsements, amendments, riders, and inserts, as originally issued in 1998 and as amended or modified through the present date.**

**8. The complete ADA Group Disability Policy No. 1105DGH-IPP-NY, including all pages, endorsements, amendments, riders, schedules, and exhibits, as in effect from April 27, 1998 to present.**

**9. All documents relating to the "Time Limit on Certain Defenses" provision referenced in the May 25, 2023 letter, including the complete text of that provision and any interpretations, applications, or guidance regarding that provision.**

**10. All documents explaining or interpreting the choice of law provision, situs provision, or any provision stating that Illinois law governs the Certificate or Group Policy.**

**11. All policy illustrations, summaries, brochures, marketing materials, or other documents provided to Dr. Stearn at any time relating to his disability insurance coverage.**

**12. All documents relating to the issuance of the American Dental Association Individual Certificate Insert referenced in the May 25, 2023 letter showing an Insured Amount of $10,000.**

**CATEGORY 3: PREMIUM PAYMENT RECORDS**

**13. All premium payment records for Dr. Stearn's Certificate from September 3, 2013 to present, including:**
**a. Premium billing statements**
**b. Premium payment receipts**
**c. Records of premium amounts charged for $15,000 monthly benefit**
**d. Accounting records showing receipt of premiums**

**e. Any communications regarding premiums**

**14. All documents showing calculation of the $35,942.67 premium refund referenced in the May 25, 2023 letter, including the methodology, period covered, and breakdown of the calculation.**

**15. All documents relating to the three checks issued to Dr. Stearn as referenced in the May 25, 2023 letter ($35,942.67, $13,066.66, and $385.15), including check images, transmittal letters, and any conditions attached to negotiation of those checks.**

**CATEGORY 4: CLAIM FILE AND CLAIM-RELATED DOCUMENTS**

**16. The complete claim file for Dr. Stearn's October 15, 2022 disability claim, including without limitation:**
**a. Initial Member Statement dated October 15, 2022**
**b. All medical records submitted or obtained**
**c. All financial records submitted or obtained**
**d. All claim investigation notes and reports**
**e. All claim evaluation documents**
**f. All claim decisions and determinations**
**g. All communications with Dr. Stearn or his representatives**
**h. All communications with medical providers**
**i. All communications with any third parties regarding the claim**
**j. All internal memoranda regarding the claim**

**17. All documents relating to the decision to approve Dr. Stearn's claim and begin paying benefits in January 2023, including the determination of the benefit amount to be paid.**

**18. All documents relating to any investigation of Dr. Stearn's Application after his claim was filed in October 2022, including:**
**a. Documents showing when the investigation was initiated**
**b. Documents showing who authorized the investigation**
**c. Documents showing the scope of the investigation**
**d. Documents obtained or reviewed during the investigation**
**e. Reports or findings from the investigation**
**f. Recommendations based on the investigation**

**19. All documents relating to the decision to reduce Dr. Stearn's monthly benefit from $15,000 to $10,000, including:**
**a. All analyses supporting the decision**
**b. All recommendations for or against the reduction**
**c. All approvals of the reduction decision**
**d. All communications regarding the reduction decision**
**e. All documents showing the legal basis for the reduction**

**20. All documents relating to communications with HILB or New York Life regarding Dr. Stearn's Other Coverage, including requests for information and responses received.**

**CATEGORY 5: CORRESPONDENCE WITH DR. STEARN**

**21. All correspondence, letters, emails, notices, or other communications sent by any Defendant to Dr. Stearn from October 15, 2022 to present, including but not limited to:**
- **a. May 25, 2023 letter (Kathleen Nordlund)**
- **b. November 16, 2023 letter (Melinda Cisneros)**
- **c. December 1, 2023 letter (Melinda Cisneros)**
- **d. Any other letters not specifically identified above**

**22. All correspondence, letters, emails, notices, or other communications received by any Defendant from Dr. Stearn or his representatives from October 15, 2022 to present.**

**23. All documents relating to Dr. Stearn's responses to Defendants' requests for information, including documents showing what was requested, what was received, and whether responses were deemed sufficient.**

**CATEGORY 6: POLICIES, PROCEDURES, AND TRAINING MATERIALS**

**24. All policies, procedures, manuals, guidelines, protocols, or standards relating to:**
- **a. Post-claim investigations of applications**
- **b. Rescission of disability insurance coverage**
- **c. Reduction of disability insurance benefits**
- **d. Reformation of insurance contracts**
- **e. Handling of misrepresentations on applications**
- **f. Coordination of benefits with other disability insurance**
- **g. Compliance with New York Insurance Law**
- **h. Compliance with New York Insurance Law § 3105 regarding materiality**
- **i. Compliance with New York Insurance Law § 2601 regarding unfair claims practices**

**25. All training materials provided to claims personnel, underwriters, or other employees regarding:**
- **a. New York insurance law requirements**
- **b. Post-claim underwriting prohibitions**
- **c. Materiality standards**
- **d. Rescission procedures**
- **e. Handling of disability claims**
- **f. Investigation of suspected misrepresentations**

**26. All compliance manuals, legal compliance guidelines, or regulatory compliance documents relating to insurance practices in New York State.**

**CATEGORY 7: SIMILAR CASES AND RESCISSIONS**

**27. All documents relating to other cases in which any Defendant rescinded, reduced, or reformed disability insurance coverage based on alleged misrepresentations regarding other disability insurance coverage from January 1, 2018 to present, including:**
- **a. Number of such cases**
- **b. Reasons for rescission/reduction**
- **c. Outcomes of such cases**
- **d. Any litigation arising from such cases**

**28. All documents relating to complaints filed with the New York Department of**

**Financial Services regarding any Defendant's rescission or reduction of disability insurance benefits from January 1, 2018 to present.**

**29. All documents relating to regulatory actions, consent orders, fines, or penalties imposed on any Defendant by any state insurance department regarding post-claim underwriting, rescissions, or unfair claims practices from January 1, 2018 to present.**

**CATEGORY 8: FINANCIAL AND CORPORATE DOCUMENTS**

**30. Annual reports, SEC filings (Forms 10-K), and audited financial statements for each Defendant for fiscal years 2020 through 2024.**

**31. Documents showing the corporate structure and relationships among Defendants, including:**

- **a. Organizational charts**
- **b. Ownership structure**
- **c. Shared services agreements**
- **d. Management services agreements**
- **e. Claims handling agreements**

**32. Documents showing the financial condition and net worth of each Defendant as of December 31, 2024.**

**CATEGORY 9: WITNESSES AND EXPERTS**

**33. All documents relating to persons with knowledge of facts relevant to this litigation, including:**

- **a. Names and contact information**
- **b. Job titles and responsibilities**
- **c. Involvement in Dr. Stearn's application, coverage, or claim**

**34. All documents relating to any expert witnesses that any Defendant intends to call at trial, including:**

- **a. Expert reports**
- **b. Expert qualifications and CVs**
- **c. Expert opinions**
- **d. Materials provided to experts**
- **e. Communications with experts**

**35. All documents relating to persons who participated in the decision to rescind or reduce Dr. Stearn's coverage, including personnel files (limited to job descriptions, qualifications, training records, and performance evaluations relating to handling of insurance claims).**

**CATEGORY 10: OTHER COVERAGE INVESTIGATION**

**36. All documents relating to any investigation by any Defendant of Dr. Stearn's Other Coverage from HILB/New York Life, including:**

- **a. When Defendants first learned of the Other Coverage**
- **b. How Defendants learned of the Other Coverage**
- **c. What inquiries were made regarding the Other Coverage**


**d. What information was obtained regarding the Other Coverage**
**e. Copies of the Other Coverage policies obtained by Defendants**

**37. All documents relating to whether Defendants had knowledge of, or means to discover, Dr. Stearn's Other Coverage at any time from June 15, 2013 to October 15, 2022.**

**38. All documents showing industry databases, information exchanges, or other resources available to Defendants to verify an applicant's existing disability insurance coverage.**

**CATEGORY 11: ELECTRONIC DATA AND COMMUNICATIONS**

**39. All emails, text messages, instant messages, or other electronic communications among any Defendants' employees or agents regarding:**
**a. Dr. Stearn's 2013 Application**
**b. Dr. Stearn's 2022 claim**
**c. The decision to investigate Dr. Stearn's Application after his claim was filed**
**d. The decision to reduce Dr. Stearn's benefits**
**e. The May 25, 2023 letter and subsequent correspondence**

**40. All entries in any electronic claims management system, database, or software application relating to Dr. Stearn's claim, including claim notes, status updates, task assignments, and decision points.**

**41. All electronic documents showing searches, queries, or investigations conducted regarding Dr. Stearn in any database maintained by or available to Defendants from June 1, 2013 to present.**

**CATEGORY 12: CALCULATIONS AND ACTUARIAL DOCUMENTS**

**42. All documents showing calculations of benefits paid to Dr. Stearn from January 27, 2023 to present, including:**
**a. Monthly benefit amounts paid**
**b. Dates of payment**
**c. Method of payment**
**d. Any offsets or reductions applied**

**43. All documents showing calculations of benefits owed to Dr. Stearn under the Certificate assuming:**
**a. A monthly benefit of $15,000**
**b. A monthly benefit of $10,000**
**c. Any other benefit amount**

**44. All actuarial or financial analyses relating to the cost or financial impact of paying Dr. Stearn benefits at $15,000 per month versus $10,000 per month.**

**CATEGORY 13: LEGAL ADVICE AND LITIGATION DOCUMENTS (NON-PRIVILEGED)**

**45. All non-privileged documents relating to legal advice sought or received regarding:**
**a. New York Insurance Law requirements**

**b. Post-claim underwriting restrictions**
**c. Rescission procedures**
**d. Dr. Stearn's claim and coverage**

**46. All non-privileged documents relating to the decision to invoke Illinois law as governing Dr. Stearn's Certificate, including:**
**a. Legal analysis of choice of law**
**b. Reasons for invoking Illinois law**
**c. Comparison of New York and Illinois law**

**47. All non-privileged documents prepared in anticipation of or relating to this litigation, including:**
**a. Litigation hold notices**
**b. Document preservation instructions**
**c. Factual investigation reports (non-privileged portions)**

**CATEGORY 14: DISABILITY DETERMINATION DOCUMENTS**

**48. All documents relating to the determination that Dr. Stearn was totally disabled as defined in the Certificate, including:**
**a. Medical evidence reviewed**
**b. Functional capacity evaluations**
**c. Vocational assessments**
**d. Disability determination decisions**
**e. Any continuing disability reviews**

**49. All documents relating to the expected duration of Dr. Stearn's disability, including any medical opinions or predictions regarding his ability to return to work.**

**CATEGORY 15: RESERVATION OF RIGHTS AND COVERAGE POSITIONS**

**50. All reservation of rights letters, coverage position letters, or similar communications sent to Dr. Stearn regarding his coverage or claim from April 27, 1998 to October 15, 2022 (i.e., before the claim was filed).**

Dated November 12th, 2025 **Electronically Signed for All Affirmations [-S-] Gerald M. Goll**

**Gerald M. Goll, Esq.**
**NYS Bar No. 1865096**
**The Law Office of Gerald M. Goll**
Tel:(732) 710-8534
Fax: (732) 254-4862
Email: Tufrmone@yahoo.com

**To: Farrah R. Berse, Esq.**
**MAYNARD NEXSEN, PC**
**The Fred F. French Building**
**551 Fifth Avenue, Suite 1600**
**New York, New York 10176**
**Telephone: (917) 747-6316**
**Email: farrah.berse@maynardnexsen.com**
**Attorneys for: Empower Life & Annuity Insurance Company of New York ,** ***Protective Life & Annuity Insurance Company, Empower Annuity Insurance***

***Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York***

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
**————————————————————————————————X**

**BRIAN STEARN,**

**Plaintiff,**

**-against-**

**PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY, EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA, and EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK,**

**Defendants.**
**————————————————————————————————X**

**Index No.: 654279/2025**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES**

**Plaintiff BRIAN STEARN, by his attorney Gerald M. Goll, Esq., pursuant to CPLR § 3130, hereby serves the following interrogatories upon Defendants PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY, EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA, and EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK, to be answered separately, fully, and under oath within thirty (30) days of service:**

**DEFINITIONS AND INSTRUCTIONS**

**The definitions and instructions set forth in Plaintiff's First Demand for Production of Documents are incorporated herein by reference as if fully set forth.**

**Additional instructions:**

**A. Each interrogatory shall be deemed continuing and Defendants shall supplement their responses as additional information becomes known.**

**B. Where an interrogatory requests identification of a person, provide: full name, current address, telephone number, job title, employer, and relationship to this case.**

**C. Where an interrogatory requests identification of a document, provide sufficient detail to identify the document in response to a document demand, including: type of document, date, author, recipients, and subject matter.**

**D. If any interrogatory cannot be answered in full, answer to the extent possible and explain why a complete answer cannot be provided.**

**E. These interrogatories are addressed to each Defendant separately. Each Defendant shall answer for itself and shall not incorporate by reference the answer of another Defendant unless the answers are identical.**

**INTERROGATORIES**

**INTERROGATORY NO. 1:**
**Identify each person who participated in or had knowledge of the underwriting review and decision regarding Dr. Stearn's June 15, 2013 Application to increase his coverage from $8,000 to $15,000 per month, including:**
**a. Name and job title**
**b. Specific role in the underwriting process**
**c. Whether that person is still employed by Defendants**
**d. Current contact information or last known contact information**

**INTERROGATORY NO. 2:**
**Describe in detail the underwriting process that was applied to Dr. Stearn's June 15, 2013 Application, including:**
**a. What documents were reviewed**
**b. What information was verified**
**c. What inquiries were made regarding other disability insurance**
**d. What databases or information sources were consulted**
**e. What underwriting guidelines were applied**
**f. Who made the final decision to approve the increase**
**g. The date the decision was made**

**INTERROGATORY NO. 3:**
**State whether Defendants made any inquiry or investigation to determine if Dr. Stearn had other disability insurance coverage at the time of his June 15, 2013 Application. If yes, describe in detail:**
**a. What inquiries or investigations were made**
**b. Who conducted them**
**c. When they were conducted**
**d. What information was discovered**
**e. What conclusions were reached**

**INTERROGATORY NO. 4:**
**State the specific underwriting guidelines, rules, or standards that were in effect in June 2013 regarding:**
**a. The maximum total disability insurance coverage that could be issued to an applicant**
**b. How other disability insurance coverage was to be considered in underwriting decisions**
**c. What questions were required to be asked regarding other insurance**
**d. Whether verification of other insurance was required**

**INTERROGATORY NO. 5:**
**Explain in detail how Defendants determined that $10,000 per month was the appropriate monthly benefit amount that would have been issued to Dr. Stearn in 2013 if his Other Coverage had been disclosed, including:**
**a. The specific formula or methodology used**

**b. All factors considered in the calculation**
**c. The identity of each person who participated in this determination**
**d. The date this determination was made**
**e. All documents supporting this determination**

**INTERROGATORY NO. 6:**
**State the total amount of premiums paid by Dr. Stearn for disability insurance coverage from September 3, 2013 to May 25, 2023, broken down by:**
**a. Annual premium amount**
**b. Total amount paid over the period**
**c. Amount attributable to the $8,000 base coverage**
**d. Amount attributable to the additional $7,000 coverage (from $8,000 to $15,000)**

**INTERROGATORY NO. 7:**
**Identify each person who participated in or had knowledge of the decision to pay Dr. Stearn's disability claim beginning in January 2023, including:**
**a. Name and job title**
**b. Specific role in the claims decision**
**c. What benefit amount that person believed should be paid**
**d. Whether that person had any knowledge of any issue regarding Dr. Stearn's 2013 Application at the time benefits were approved**

**INTERROGATORY NO. 8:**
**State when Defendants first learned or discovered that Dr. Stearn had Other Coverage from HILB/New York Life, including:**
**a. The specific date**
**b. How this information was discovered**
**c. Who discovered it**
**d. What prompted the inquiry that led to the discovery**
**e. Whether this discovery occurred before or after Dr. Stearn filed his claim in October 2022**

**INTERROGATORY NO. 9:**
**Describe in detail the investigation conducted by Defendants regarding Dr. Stearn's June 15, 2013 Application after his claim was filed in October 2022, including:**
**a. When the investigation was initiated**
**b. Who authorized the investigation**
**c. What the scope of the investigation was**
**d. What information was sought**
**e. What sources were consulted**
**f. What findings resulted from the investigation**
**g. When the investigation was completed**

**INTERROGATORY NO. 10:**
**Identify each person who participated in or had knowledge of the decision to reduce Dr. Stearn's monthly benefit from $15,000 to $10,000, including:**
**a. Name and job title**
**b. Specific role in the decision**
**c. When that person first became involved**
**d. What recommendation that person made**
**e. Whether that person had any training regarding New York Insurance Law § 3105 or**

**post-claim underwriting restrictions**

**INTERROGATORY NO. 11:**
**State the complete legal and factual basis for Defendants' position that Dr. Stearn's failure to disclose his Other Coverage on his June 15, 2013 Application was "material" within the meaning of New York Insurance Law § 3105, including:**
**a. The specific facts supporting materiality**
**b. The specific legal authorities supporting materiality**
**c. Evidence that Defendants would not have approved the increase to $15,000 if the Other Coverage had been disclosed**
**d. Evidence that Defendants would have approved some lesser amount**
**e. Why Defendants believe materiality can be established ten years after the Application was approved**

**INTERROGATORY NO. 12:**
**Describe in detail Defendants' policies and procedures regarding post-claim investigations of insurance applications, including:**
**a. Under what circumstances such investigations are conducted**
**b. Who has authority to initiate such investigations**
**c. What guidelines govern such investigations**
**d. Whether such investigations are permitted under Defendants' interpretation of New York law**
**e. How often such investigations result in rescission or reduction of benefits**

**INTERROGATORY NO. 13:**
**State the number of times from January 1, 2018 to present that Defendants have rescinded, reduced, or reformed disability insurance coverage based on alleged misrepresentations regarding other disability insurance, including:**
**a. Total number of cases**
**b. Number in New York State**
**c. Number where the alleged misrepresentation occurred more than two years before the claim was filed**
**d. Number where the alleged misrepresentation occurred more than five years before the claim was filed**
**e. Number that resulted in litigation**
**f. Outcomes of such litigation**

**INTERROGATORY NO. 14:**
**Identify all complaints filed with the New York Department of Financial Services or any other regulatory agency regarding Defendants' rescission or reduction of disability insurance benefits from January 1, 2018 to present, including:**
**a. Date of complaint**
**b. Nature of complaint**
**c. Regulatory response**
**d. Outcome of complaint**

**INTERROGATORY NO. 15:**
**State the total amount of disability benefits paid to Dr. Stearn from January 27, 2023 to present, broken down by:**
**a. Month and year**
**b. Amount paid each month**

**c. Total amount paid to date**

**INTERROGATORY NO. 16:**
**State the total amount of disability benefits that Defendants contend are owed to Dr. Stearn from the date his claim was filed through the present, including:**
**a. Calculation methodology**
**b. Monthly benefit amount used in calculation**
**c. Period covered**
**d. Any offsets or reductions applied**
**e. Total amount**

**INTERROGATORY NO. 17:**
**State the total amount of disability benefits that Defendants contend would have been owed to Dr. Stearn if he had disclosed his Other Coverage on his June 15, 2013 Application, including:**
**a. Calculation methodology**
**b. Monthly benefit amount**
**c. Period covered**
**d. Total amount**

**INTERROGATORY NO. 18:**
**Identify all persons employed by or associated with Defendants who have knowledge of facts relevant to this litigation, including:**
**a. Name and current job title**
**b. Nature of knowledge**
**c. Current employment status**
**d. Current contact information**

**INTERROGATORY NO. 19:**
**State the factual and legal basis for Defendants' position that Illinois law, rather than New York law, governs Dr. Stearn's Certificate, including:**
**a. The specific policy provision invoked**
**b. The choice of law analysis applied**
**c. Any legal authority supporting application of Illinois law**
**d. Whether Defendants contend Illinois law applies to all aspects of this case or only certain issues**

**INTERROGATORY NO. 20:**
**Describe in detail any and all contacts, communications, or coordination between any Defendant and HILB/New York Life regarding Dr. Stearn or his Other Coverage at any time from June 1, 2003 to present, including:**
**a. Date of contact**
**b. Nature of contact**
**c. Persons involved**
**d. Information exchanged**

**INTERROGATORY NO. 21:**
**State whether Defendants had access to any industry database, information exchange, or other resource that would have permitted verification of Dr. Stearn's Other Coverage in June 2013, and if so:**
**a. Identify each such database or resource**

**b. State whether Defendants consulted any such database in connection with Dr. Stearn's 2013 Application**
**c. If not, explain why not**

**INTERROGATORY NO. 22:**
**Describe in detail the contents of the three checks issued to Dr. Stearn as referenced in the May 25, 2023 letter ($35,942.67, $13,066.66, and $385.15), including:**
**a. What each check represented**
**b. How each amount was calculated**
**c. What period each amount covered**
**d. What conditions, if any, were attached to negotiation of the checks**
**e. Whether the checks have been cashed**

**INTERROGATORY NO. 23:**
**State whether any Defendant conducted any analysis of whether reducing Dr. Stearn's benefits from $15,000 to $10,000 per month violated New York Insurance Law, and if so:**
**a. Who conducted the analysis**
**b. When it was conducted**
**c. What legal authority was consulted**
**d. What conclusion was reached**
**e. Identify all documents relating to such analysis**

**INTERROGATORY NO. 24:**
**State whether any Defendant sought or received legal advice regarding whether the decision to investigate Dr. Stearn's 2013 Application after his claim was filed constituted prohibited post-claim underwriting under New York law, and if so:**
**a. When such advice was sought**
**b. From whom it was sought**
**c. What advice was received (provide non-privileged factual information only)**

**INTERROGATORY NO. 25:**
**Identify all expert witnesses that Defendants intend to call at trial, including:**
**a. Name and address**
**b. Subject matter of expected testimony**
**c. Qualifications**
**d. Compensation arrangement**
**e. Whether expert has provided reports and if so, when reports will be provided**

Dated November 12th, 2025 **Electronically Signed for All Affirmations [-S-] Gerald M. Goll**

**Gerald M. Goll, Esq.**
**NYS Bar No. 1865096**
**The Law Office of Gerald M. Goll**
Tel:(732) 710-8534
Fax: (732) 254-4862
Email: Tufrmone@yahoo.com

**To: Farrah R. Berse, Esq.**
**MAYNARD NEXSEN, PC**
**The Fred F. French Building**
**551 Fifth Avenue, Suite 1600**
**New York, New York 10176**

**Telephone: (917) 747-6316**
**Email: farrah.berse@maynardnexsen.com**
**Attorneys for: Empower Life & Annuity Insurance Company of New York ,**
***Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York***

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
**——————————————————————————X**

**BRIAN STEARN,**

**Plaintiff,**

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION**

**Index No.: 654279/2025**

**-against-**

**PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY, EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA, and EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK,**

**Defendants.**
**——————————————————————————X**

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSION**

**Plaintiff BRIAN STEARN, by his attorney Gerald M. Goll, Esq., pursuant to CPLR § 3123, hereby requests that Defendants PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY, EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA, and EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK admit the truth of the following matters within twenty (20) days of service:**

**INSTRUCTIONS**

**A. Each request for admission shall be deemed admitted unless, within twenty (20) days after service, the party to whom the request is directed serves upon the party requesting the admission a sworn statement either denying specifically the matters of which admission is requested or setting forth in detail the reasons why the party cannot truthfully admit or deny those matters.**

**B. If any request cannot be admitted in full, admit the portion that is true and deny only the specific portion that is false, explaining in detail the basis for any partial denial.**

**C. An answer shall not be sufficient if it states lack of information or knowledge unless the responding party states that it has made reasonable inquiry and that information known or readily obtainable is insufficient to enable it to admit or deny.**

**D. These requests are addressed to each Defendant. Each Defendant shall respond separately.**

**REQUESTS FOR ADMISSION**

**REQUEST NO. 1:**

**Admit that Dr. Brian Stearn submitted an application dated June 15, 2013 to increase his disability insurance coverage from $8,000 per month to $15,000 per month.**

**REQUEST NO. 2:**
**Admit that Defendants approved Dr. Stearn's June 15, 2013 application and increased his coverage to $15,000 per month effective September 3, 2013.**

**REQUEST NO. 3:**
**Admit that from September 3, 2013 through May 25, 2023, Dr. Stearn paid all premiums due for disability insurance coverage providing a monthly benefit of $15,000.**

**REQUEST NO. 4:**
**Admit that Defendants accepted and retained all premiums paid by Dr. Stearn for disability insurance coverage providing a monthly benefit of $15,000 from September 3, 2013 through May 25, 2023.**

**REQUEST NO. 5:**
**Admit that from September 3, 2013 through October 15, 2022 (the date Dr. Stearn filed his claim), Defendants never informed Dr. Stearn that there was any problem with his coverage or that his coverage might be subject to rescission or reduction.**

**REQUEST NO. 6:**
**Admit that from September 3, 2013 through October 15, 2022, Defendants never sent Dr. Stearn any reservation of rights letter regarding his coverage.**

**REQUEST NO. 7:**
**Admit that Dr. Stearn filed a disability insurance claim on or about October 15, 2022.**

**REQUEST NO. 8:**
**Admit that Defendants approved Dr. Stearn's disability claim and began paying benefits in January 2023.**

**REQUEST NO. 9:**
**Admit that Defendants' investigation of Dr. Stearn's June 15, 2013 application was not conducted until after Dr. Stearn filed his disability claim in October 2022.**

**REQUEST NO. 10:**
**Admit that at the time Dr. Stearn submitted his June 15, 2013 application, he had disability insurance coverage from HILB (now New York Life) providing $6,000 per month in benefits, issued June 1, 2003.**

**REQUEST NO. 11:**
**Admit that at the time Dr. Stearn submitted his June 15, 2013 application, he had disability insurance coverage from HILB (now New York Life) providing $4,000 per month in benefits, issued December 1, 2006.**

**REQUEST NO. 12:**
**Admit that the disability insurance coverage from HILB referenced in Requests 10 and 11 was issued years before Dr. Stearn submitted his June 15, 2013 application to Defendants.**

**REQUEST NO. 13:**
**Admit that Defendants did not conduct any investigation to verify whether Dr. Stearn had other disability insurance coverage at the time they underwrote and approved his June 15, 2013 application.**

**REQUEST NO. 14:**
**Admit that Defendants had access to industry databases or information exchanges in June 2013 that could have been used to verify whether Dr. Stearn had other disability insurance coverage.**

**REQUEST NO. 15:**
**Admit that Defendants did not consult any industry database or information exchange to verify Dr. Stearn's other disability insurance coverage when underwriting his June 15, 2013 application.**

**REQUEST NO. 16:**
**Admit that if Defendants had conducted a reasonable investigation in June 2013, they could have discovered Dr. Stearn's disability insurance coverage from HILB.**

**REQUEST NO. 17:**
**Admit that by letter dated May 25, 2023, Defendants informed Dr. Stearn that they were reducing his monthly disability benefit from $15,000 to $10,000.**

**REQUEST NO. 18:**
**Admit that Defendants' May 25, 2023 letter stated that Defendants were "rescinding" the increase in Dr. Stearn's coverage from $8,000 to $15,000.**

**REQUEST NO. 19:**
**Admit that Defendants' May 25, 2023 letter stated that Defendants would agree to a "retroactive increase" of Dr. Stearn's coverage from $8,000 to $10,000 effective September 3, 2013.**

**REQUEST NO. 20:**
**Admit that Defendants' May 25, 2023 letter stated that $10,000 per month "is the total amount of coverage that would have been issued to you had your other disability insurance coverage been appropriately disclosed in the Application."**

**REQUEST NO. 21:**
**Admit that Defendants issued three checks to Dr. Stearn in the amounts of $35,942.67, $13,066.66, and $385.15 as referenced in the May 25, 2023 letter.**

**REQUEST NO. 22:**
**Admit that the $35,942.67 check represented a refund of premiums paid by Dr. Stearn for the period September 3, 2013 through November 15, 2022.**

**REQUEST NO. 23:**
**Admit that Defendants' position is that Dr. Stearn's negotiation of the three checks would constitute acceptance of the reduction of his coverage to $10,000 per month.**

**REQUEST NO. 24:**

**Admit that Dr. Stearn did not cash or negotiate any of the three checks.**

**REQUEST NO. 25:**
**Admit that from May 25, 2023 to present, Defendants have paid Dr. Stearn disability benefits at the rate of $10,000 per month rather than $15,000 per month.**

**REQUEST NO. 26:**
**Admit that the difference between $15,000 per month and $10,000 per month is $5,000 per month.**

**REQUEST NO. 27:**
**Admit that from May 25, 2023 to November 12, 2025 is approximately 30 months.**

**REQUEST NO. 28:**
**Admit that 30 months multiplied by $5,000 per month equals $150,000.**

**REQUEST NO. 29:**
**Admit that Defendants have paid Dr. Stearn approximately $150,000 less than the contracted-for benefit of $15,000 per month from May 25, 2023 to November 12, 2025.**

**REQUEST NO. 30:**
**Admit that Dr. Stearn resides in New York County, New York.**

**REQUEST NO. 31:**
**Admit that Dr. Stearn's disability insurance Certificate was delivered to him in New York.**

**REQUEST NO. 32:**
**Admit that Dr. Stearn's disability benefits are payable to him in New York.**

**REQUEST NO. 33:**
**Admit that Dr. Stearn filed his disability claim while residing in New York.**

**REQUEST NO. 34:**
**Admit that New York Insurance Law § 3105 provides that no misrepresentation shall void a policy or prevent recovery unless the misrepresentation was material.**

**REQUEST NO. 35:**
**Admit that under New York Insurance Law § 3105, a misrepresentation is material if the insurer would not have issued the policy had the true facts been known.**

**REQUEST NO. 36:**
**Admit that Defendants have the burden of proving that any alleged misrepresentation by Dr. Stearn was material.**

**REQUEST NO. 37:**
**Admit that Defendants did not conduct any contemporaneous analysis in June 2013 regarding what coverage amount would have been issued to Dr. Stearn if his other disability insurance had been disclosed.**

**REQUEST NO. 38:**

**Admit that Defendants' determination that $10,000 per month was the appropriate coverage amount was made after Dr. Stearn filed his disability claim in October 2022.**

**REQUEST NO. 39:**
**Admit that Defendants' statement that $10,000 per month "is the total amount of coverage that would have been issued" to Dr. Stearn is based on a retrospective analysis conducted years after the 2013 application.**

**REQUEST NO. 40:**
**Admit that if $10,000 per month in coverage was appropriate for Dr. Stearn in 2013, then some amount greater than the original $8,000 would have been issued even if the other coverage had been disclosed.**

**REQUEST NO. 41:**
**Admit that Defendants' position necessarily concedes that Dr. Stearn was entitled to some increase above the $8,000 base coverage in 2013.**

**REQUEST NO. 42:**
**Admit that the difference between $10,000 and $15,000 is $5,000.**

**REQUEST NO. 43:**
**Admit that the difference between $8,000 and $15,000 is $7,000.**

**REQUEST NO. 44:**
**Admit that the difference between $10,000 and $15,000 ($5,000) is less than the difference between $8,000 and $15,000 ($7,000).**

**REQUEST NO. 45:**
**Admit that Defendants are licensed to issue disability insurance in New York State.**

**REQUEST NO. 46:**
**Admit that Defendants are required to comply with New York Insurance Law when issuing and administering disability insurance policies to New York residents.**

**REQUEST NO. 47:**
**Admit that New York Insurance Law § 2601 prohibits unfair claims settlement practices.**

**REQUEST NO. 48:**
**Admit that New York Insurance Law §§ 3224 and 3224-a require insurers to promptly pay valid claims.**

**REQUEST NO. 49:**
**Admit that under New York law, insurance companies owe a duty of good faith and fair dealing to their insureds.**

**REQUEST NO. 50:**
**Admit that under New York law, post-claim underwriting is prohibited.**

**REQUEST NO. 51:**
**Admit that "post-claim underwriting" refers to the practice of investigating an**

**insurance application after a claim has been filed with the intent to find grounds to deny or reduce coverage.**

**REQUEST NO. 52:**
**Admit that Defendants did not investigate Dr. Stearn's June 15, 2013 application for any alleged misrepresentation until after he filed his disability claim in October 2022.**

**REQUEST NO. 53:**
**Admit that Defendants' investigation of Dr. Stearn's application was prompted by the filing of his disability claim.**

**REQUEST NO. 54:**
**Admit that the purpose of Defendants' investigation was to determine whether there were grounds to reduce or deny Dr. Stearn's disability benefits.**

**REQUEST NO. 55:**
**Admit that Defendants reduced Dr. Stearn's disability benefits based on the results of their post-claim investigation.**

**REQUEST NO. 56:**
**Admit that Defendants are familiar with the New York Court of Appeals decision in Rocanova v. Equitable Life Assur. Soc'y, 83 N.Y.2d 603 (1994).**

**REQUEST NO. 57:**
**Admit that Rocanova v. Equitable Life Assur. Soc'y held that post-claim underwriting is improper under New York law.**

**REQUEST NO. 58:**
**Admit that Defendants provide training to their claims personnel regarding New York insurance law requirements.**

**REQUEST NO. 59:**
**Admit that Defendants have policies and procedures addressing compliance with New York Insurance Law.**

**REQUEST NO. 60:**
**Admit that Defendants have rescinded or reduced disability insurance benefits for other insureds based on alleged misrepresentations regarding other disability insurance coverage within the past five years.**

**REQUEST NO. 61:**
**Admit that some of those rescissions or reductions occurred after the insured had filed a disability claim.**

**REQUEST NO. 62:**
**Admit that some of those rescissions or reductions were based on alleged misrepresentations made more than two years before the claim was filed.**

**REQUEST NO. 63:**
**Admit that Defendants' May 25, 2023 letter stated that "the Group Policy is sitused in the State of Illinois."**

**REQUEST NO. 64:**
**Admit that Defendants invoked Illinois law in an attempt to avoid the requirements of New York Insurance Law.**

**REQUEST NO. 65:**
**Admit that if New York law applies to Dr. Stearn's Certificate, Defendants' rescission or reduction of his coverage may violate New York Insurance Law.**

**REQUEST NO. 66:**
**Admit that Protective Life & Annuity Insurance Company is a corporation organized under the laws of Alabama.**

**REQUEST NO. 67:**
**Admit that Protective Life & Annuity Insurance Company has its principal place of business in Birmingham, Alabama.**

**REQUEST NO. 68:**
**Admit that Protective Life & Annuity Insurance Company has assets exceeding $50 billion.**

**REQUEST NO. 69:**
**Admit that Protective Life & Annuity Insurance Company is a wholly-owned subsidiary of Protective Life Insurance Company.**

**REQUEST NO. 70:**
**Admit that Protective Life Insurance Company is a Fortune 500 company.**

**REQUEST NO. 71:**
**Admit that Empower Annuity Insurance Company of America is licensed to issue insurance in New York State.**

**REQUEST NO. 72:**
**Admit that Empower Annuity Insurance Company of New York is licensed to issue insurance in New York State.**

**REQUEST NO. 73:**
**Admit that all three Defendants are sophisticated insurance companies with extensive experience issuing and administering disability insurance policies.**

**REQUEST NO. 74:**
**Admit that all three Defendants have legal and compliance departments responsible for ensuring compliance with state insurance laws.**

**REQUEST NO. 75:**
**Admit that all three Defendants were aware or should have been aware of New York's prohibition on post-claim underwriting when they investigated Dr. Stearn's application after his claim was filed.**

Dated November 12th, 2025 **Electronically Signed for All Affirmations [-S-] Gerald M. Goll**

**Gerald M. Goll, Esq.**
**NYS Bar No. 1865096**
**The Law Office of Gerald M. Goll**
Tel:(732) 710-8534
Fax: (732) 254-4862
Email: Tufrmone@yahoo.com

**To: Farrah R. Berse, Esq.**
**MAYNARD NEXSEN, PC**
**The Fred F. French Building**
**551 Fifth Avenue, Suite 1600**
**New York, New York 10176**
**Telephone: (917) 747-6316**
**Email: farrah.berse@maynardnexsen.com**
**Attorneys for: Empower Life & Annuity Insurance Company of New York ,** ***Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York***

**CERTIFICATE OF SERVICE**

**I hereby certify that on November 12th, 2025, I served true and correct copies of the foregoing Plaintiff's Complaint, First Demand for Production of Documents, Plaintiff's First Set of Interrogatories, and Plaintiff's First Requests for Admission upon counsel for Defendants by NYSCEF electronic filing and via email at the following address:**

**on the Following:** **Farrah R. Berse, Esq.**
**MAYNARD NEXSEN, PC**
**The Fred F. French Building**
**551 Fifth Avenue, Suite 1600**
**New York, New York 10176**
**Telephone: (917) 747-6316**
**Email: farrah.berse@maynardnexsen.com**
**Attorneys for: Empower Life & Annuity Insurance Company of New York ,** ***Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York***

by electronically uploading and submitting the aforesaid documents to the NYS E Courts website and by emailing a copy of the documents to Farrah R. Berse, Esq. / MAYNARD NEXSEN PC to their email addresses:

**farrah.berse@maynardnexsen.com**

Dated November 12th, 2025 **Electronically Signed for All Affirmations [-S-] Gerald M. Goll**

**Gerald M. Goll, Esq.**
**NYS Bar No. 1865096**
**The Law Office of Gerald M. Goll**
Tel:(732) 710-8534

Fax: (732) 254-4862
Email: Tufrmone@yahoo.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BRIAN STEARN,<br><br>*Plaintiff*,<br><br>vs.<br><br>PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY, EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA f/k/a GREAT WEST LIFE & ANNUITY INSURNCE COMPANY [collectively GREAT WEST], and EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK,<br><br>*Defendants*. | Case No. 654279/2025 |

**DEFENDANTS' NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT**

PLEASE TAKE NOTICE THAT, upon the annexed affirmation of Jeffrey J. Imeri, dated December 2, 2025, including all exhibits thereto, and the accompanying memorandum of law, Defendants Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York[1] (collectively, the "Defendants"), by and through undersigned counsel, will move this Court at 60 Centre Street, New York, New York, on December 23, 2025, at 9:30 a.m. or as soon as thereafter counsel can be heard, for an order pursuant to CPLR 3211(a)(7) dismissing *with prejudice* Counts Two through Thirteen of Plaintiff Brian Stern, DDS's Verified Complaint.

---

[1] Empower Life & Annuity Insurance Company of New York is incorrectly named in the Summons and Verified Complaint as Empower Annuity Insurance Company of New York.

PLEAE TAKE FURTHER NOTICE THAT, pursuant to CPLR 2214(b), answering papers, if any, shall be served not later than seven (7) days before the return date of this motion.

Dated: December 2, 2025
New York, New York

Respectfully Submitted,

Jeffrey J. Imeri
MARSHALL DENNEHEY, P.C.
Wall Street Plaza
88 Pine Street, 29th Floor
New York, NY 10005
Telephone: (212) 376-6408
E-mail: jjimeri@mdwcg.com

Farrah R. Berse
MAYNARD NEXSEN, PC
The Fred F. French Building
551 Fifth Avenue, Suite 1600
New York, New York 10176
Telephone: (646) 609-9280
Email: farrah.berse@maynardnexsen.com

***Attorneys for Defendants Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York***

**CERTIFICATE OF SERVICE**

I hereby certify that on December 2, 2025, the foregoing was served on the following parties through the Court's electronic filing system:

Gerald M. Goll, Esq.
The Law Office of Gerald M. Goll
12 Maxwell Road
East Brunswick, New Jersey 08816
Telephone: (732) 710-8534
E-mail: tuhrmone@yahoo.com

***Attorney for Plaintiff Brian Stearn***

*/s/ Jeffrey J. Imeri*
Jeffrey J. Imeri

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BRIAN STEARN,<br><br>*Plaintiff*,<br><br>vs.<br><br>PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY, EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA f/k/a GREAT WEST LIFE & ANNUITY INSURNCE COMPANY [collectively GREAT WEST], and EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK,<br><br>*Defendants*. | Case No. 654279/2025 |

**AFFIRMATION OF JEFFREY J. IMERI IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT**

JEFFREY J. IMERI, an attorney admitted to practice before the courts of the State of New York, affirms, pursuant to CPLR 2106:

1. I am an attorney and shareholder with Marshall Dennehey, P.C., and I am counsel of record for Defendants Protective Life & Annuity Insurance Company ("PLAIC"), Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company ("Empower America"), and Empower Life & Annuity Insurance Company of New York[1] ("Empower New York," and collectively with PLAIC and Empower America, the "Defendants"). I have personal knowledge of the facts set forth herein, I am over twenty-one years of age, and I am competent to give this declaration. I make this declaration for any lawful use or purpose,

[1] Empower Life & Annuity Insurance Company of New York is incorrectly named in the Summons and Verified Complaint as Empower Annuity Insurance Company of New York.

including in support of Defendants' Partial Motion to Dismiss Plaintiff Brian Stearn, DDS's ("Dr. Stearn") Verified Complaint.

2. Attached hereto as Exhibit 1 is a copy of Dr. Stearn's Summons with Notice, which was filed on July 17, 2025 (Doc. 1).

3. Attached hereto collectively as Exhibit 2 are copies of Dr. Stearn's affirmations of service, which were filed on October 14, 2025 (Docs. 2–4).

4. Attached hereto as Exhibit 3 is a copy of Defendants' Notice of Appearance and Demand for Complaint, which was filed on October 23, 2025 (Doc. 5).

5. Attached hereto as Exhibit 4 is a copy of Dr. Stearn's affirmations of service, which were filed on October 27, 2025 (Doc. 6).

6. Attached hereto as Exhibit 5 is a copy of Dr. Stearn's Verified Complaint, which was filed on November 12, 2025 (Doc. 7).

7. Attached hereto as Exhibit 6 is a true and correct copy of Dr. Stearn's operative individual insurance certificate—Certificate No. 435941, which was issued to Dr. Stearn pursuant to American Dental Association Group Policy No. 1105GDH-IPP-NY.

I affirm this 2nd day of December, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

JEFFREY J. IMERI

**Word Count Certification**

I hereby certify pursuant to Rule 202.8-b of the Uniform Civil Rules, that the foregoing Affirmation in Support, filed on December 2, 2025, contains 347 words, exclusive of the caption, table of contents, table of authorities, and signature block. In determining the total word count of the foregoing document, I relied on the word count provided by Microsoft Word, the word-processing system used to prepare the document.

Dated: New York, New York
December 2, 2025

Respectfully Submitted,

Jeffrey J. Imeri
MARSHALL DENNEHEY, P.C.
Wall Street Plaza
88 Pine Street, 29th Floor
New York, NY 10005
Telephone: (212) 376-6408
E-mail: jjimeri@mdwcg.com

# EXHIBIT 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

**Brian Stearn**

**Plaintiff**

**V.**

**Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York**

Defendant(s).

X

To the Person(s) Named as Defendant(s) Above:
**SUMMONS WITH NOTICE**

Index No.:

Date Index No. Purchased
**Plaintiff designates the County of his residence: New York County as Venue**
**Plaintiff Resides At: 250 East 32nd Street New York City New York**

**PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to appear in this action by serving a notice of appearance on the Plaintiff(s) at the address set forth below within 20 days after the service of this Summons (not counting the day of service itself), or within 30 days after service is complete if the summons is not delivered personally to you within the State of New York.

**YOU ARE HEREBY NOTIFIED THAT** should you fail to answer or appear, a judgment will be entered against you by default for the relief demanded below.

Dated: July 2nd, 2025

Signature: GERALD M. GOLL

**GERALD M. GOLL, ESQ.**
**THE LAW OFFICE OF GERALD M. GOLL**
**12 MAXWELL ROAD**
**EAST BRUNSWICK NEW JERSEY 08816**
**TEL: (732) 710-8534**
**EMAIL: TUFRMONE@YAHOO.COM**

Defendant's Address: **Protective Life & Annuity Insurance Company (Lic./ NAIC No. 10043) and Authorized to do business and sell disability insurance in the State of New York.**

**Address: 2801 Highway 280 South, Birmingham, AL 35223**

**Defendant Address: Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] NAIC Number 68322 Authorized to do business and sell disability insurance in the State of New York.**

**Address: Empower Annuity Insurance Company Gateway Center Three 7th Floor 100 Mulberry Street Newark, NJ 07102**
**and Empower Annuity Insurance Company of New York Authorized to do business and sell disability insurance in the State of New York**
**NAIC Number: 79359**
**DFS Company ID (CPAF): 658**
**Address: 370 Lexington Ave Suite 703 New York, NY 10017**

---

**NOTICE:** The nature of this action is: This is an action based upon the following causes of action: Breach of Contract, Breach of Contract of Disability Insurance, Breach of the Covenant of Good Faith and Fair Dealing, Bad Faith, Violation of New York Insurance Law Section 2601 Unfair Claims Settlement Practices, Violation of NY Insurance Law 312 Failure to forward Report of Examination, Violation of Section 3105 of the New York Insurance Law, denial based upon non-material representation, Violation of Insurance Law 3209 disclosure requirements of New York State annuities, life insurance and funding agreements, Violation of Insurance Law 3216 Violation of Minimum Standards of Insurance Policies, Violation of Insurance Law 3224, and 3224-a Violation of Prompt Payment of Insurance Claims, Violation of Insurance law 4226, Misrepresentations, misleading statements and incomplete comparisons by insurers. Violation of New York General Obligations Law 6-335 Reduction of Disability Benefits.

**The relief sought is:** "The relief sought is compensatory money damages to be determined by a jury, including compensatory and consequential damages resulting from the defendant wrongful breach of contract, including past due benefits that should have been paid to Plaintiff and future benefits due Plaintiff because of his ongoing and permanent disability, emotional distress, unfair claims practices, and bad faith conduct, together with punitive damages and attorney's fees."

**Relief** is sought for Punitive Damages for Bad Faith, Unfair Claims Settlement Practices, Grossly Negligent Conduct amounting to malice, wanton disregard and recklessness in the wrongful denial of the Plaintiff's disability Insurance in the amount to be determined at Inquest by Jury.

**Should Defendant(s) fail to appear herein**, judgment will be entered by default for amount to be determined by a Jury at Inquest with interest from the date of the Judgment of Default is entered, together with the costs of this action.

**Venue:** Plaintiff(s) designate(s) NEW YORK COUNTY as the place of trial. The basis of this designation is *(check one)*:

☐ XX Plaintiff(s) resides in NEW YORK COUNTY.
☐ The Plaintiff's Address is: **250 East 32nd Street New York City New York**
☐
Defendant(s) reside in ______________ County.
Other *(see CPLR Article 5)*:

# EXHIBIT 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**
Brian Stearn
**Defendant / Respondent:**
Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York

## AFFIRMATION OF SERVICE

**Index No:**
**654279/2025**

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in NewYork State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Empower Annuity Insurance Company of New York.

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to ________________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at.

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ________________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ________________.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 60 Perceived Race: African American Perceived Gender: Female Weight: 171-200
Height: 5'6" Hair: Black Eyes: Relationship: Legal Assistant/Authorized to Accept Service
Other Glasses

Joseph Donovan
1292936-DCA

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

Pursuant to NY CPLR § 2106, I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**
Brian Stearn
**Defendant / Respondent:**
Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company (collectively Great West) and Empower Annuity Insurance Company of New York

**AFFIRMATION OF SERVICE**
**Index No:**
**654279/2025**

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Protective Life & Annuity Insurance Company.

[ ] Individual: by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] Corporation: a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] Suitable Person: by delivering thereat, a true copy of each to ______________ a person of suitable age and discretion.

[ ] Affixing to Door: by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] Mailing: Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ______________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ______________.

[ ] Military Service: I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 60 Perceived Race: African American Perceived Gender: Female Weight: 171-200
Height: 5'6" Hair: Black Eyes: Relationship: Legal Assistant/Authorized to Accept Service
Other Glasses

Joseph Donovan
1292936-DCA

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

Pursuant to NY CPLR § 2106, I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**
Brian Stearn
**Defendant / Respondent:**
Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company (collectively Great West) and Empower Annuity Insurance Company of New York

**AFFIRMATION OF SERVICE**
**Index No:**
**654279/2025**

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company.

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to ________________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ________________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ________________.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 60 Perceived Race: African American Perceived Gender: Female Weight: 171-200
Height: 5'6" Hair: Black Eyes: Relationship: Legal Assistant/Authorized to Accept Service
Other: Glasses

[signature]
Joseph Donovan
1292936-DCA

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2380

Pursuant to NY CPLR § 2106, I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**AFFIRMATION OF SERVICE**

Index No:
654279/2025

Plaintiff / Petitioner:
Brian Stearn
Defendant / Respondent:
Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein. I'm over 18 years of age and reside in New York State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Empower Annuity Insurance Company.

[ ] Individual: by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] Corporation: a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] Suitable Person: by delivering thereat, a true copy of each to ________________ a person of suitable age and discretion.

[ ] Affixing to Door: by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] Mailing: Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ________________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ________________.

[ ] Military Service: I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Description:
Age: 60 Perceived Race: African American Perceived Gender: Female Weight: 171-200
Height: 5'6" Hair: Black Eyes: Relationship: Legal Assistant/Authorized to Accept Service
Other Glasses

[signature]

Joseph Donovan
1292936-DCA

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

Pursuant to NY CPLR § 2106. I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**

Brian Stearn

**Defendant / Respondent:**

Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York

**AFFIRMATION OF SERVICE**

**Index No:**
**654279/2025**

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in NewYork State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Empower Annuity Insurance Company of New York.

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to ________________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ________________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ________________.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

Description:
Age: 60 Perceived Race: African American Perceived Gender: Female Weight: 171-200
Height: 5'6" Hair: Black Eyes: Relationship: Legal Assistant/Authorized to Accept Service

Other Glasses

Joseph Donovan
1292936-DCA

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

Pursuant to NY CPLR § 2106. I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**

Brian Stearn

**Defendant / Respondent:**

Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York

**AFFIRMATION OF SERVICE**

**Index No:**
**654279/2025**

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Protective Life & Annuity Insurance Company.

[ ] Individual: by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] Corporation: a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to ________________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ________________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ________________.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**

Age: 60 Perceived Race: African American Perceived Gender: Female Weight: 171-200
Height: 5'6" Hair: Black Eyes: Relationship: Legal Assistant/Authorized to Accept Service
Other Glasses

Joseph Donovan
1292936-DCA

Pursuant to NY CPLR § 2106. I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**
Brian Stearn

**Defendant / Respondent:**
Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York

**AFFIRMATION OF SERVICE**

**Index No: 654279/2025**

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company.

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to ________________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ________________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ________________.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 60 Perceived Race: African American Perceived Gender: Female Weight: 171-200
Height: 5'6" Hair: Black Eyes: Relationship: Legal Assistant/Authorized to Accept Service
Other Glasses

Joseph Donovan
1292936-DCA

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

Pursuant to NY CPLR § 2106, I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**Plaintiff / Petitioner:**
Brian Stearn
**Defendant / Respondent:**
Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York

**AFFIRMATION OF SERVICE**
**Index No:**
**654279/2025**

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Empower Annuity Insurance Company.

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to ______________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ______________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ______________.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
Age: 60 Perceived Race: African American Perceived Gender: Female Weight: 171-200
Height: 5'6" Hair: Black Eyes: Relationship: Legal Assistant/Authorized to Accept Service
Other Glasses

Joseph Donovan
1292936-DCA

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

Pursuant to NY CPLR § 2106. I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**AFFIRMATION OF SERVICE**

**Index No:**
**654279/2025**

**Plaintiff / Petitioner:**
Brian Stearn

**Defendant / Respondent:**
Protective Life & Annuity Insurance Company and Empower Annuity Insurance Company of America f/k/a Great West Life & Annuity Insurance Company [collectively Great West] and Empower Annuity Insurance Company of New York

STATE OF NEW YORK )
)SS:
COUNTY OF RICHMOND )

The undersigned affirms and says that I'm not a party herein, I'm over 18 years of age and reside in New York State. That on Fri, Oct 03 2025 AT 10:07 AM AT DEPARTMENT OF FINANCIAL SERVICES, OFFICE OF THE GENERAL COUNSEL, 1 STATE STREET, NEW YORK, NY 10004 affirmant served the within SUMMONS WITH NOTICE bearing INDEX# 654279/2025 upon Protective Life & Annuity Insurance Company.

[ ] **Individual:** by delivering a true copy of each to said defendant, personally; affirmant knew the person so served to be the person described as said defendant therein.

[X] **Corporation:** a defendant, therein named, by delivering a true copy of each to DORA LEWIS personally, affirmant knew said corporation so served to be the corporation described, and knew said individual to be Legal Assistant/Authorized to Accept Service; thereof.

[ ] **Suitable Person:** by delivering thereat, a true copy of each to ________ a person of suitable age and discretion.

[ ] **Affixing to Door:** by affixing a true copy of each to the door thereof, affirmant was unable with due diligence to find defendant, or a person of suitable age or discretion thereat, having called thereon; at

[ ] **Mailing:** Affirmant also enclosed a copy of same, in a postpaid sealed wrapper marked personal and confidential properly addressed to said defendant at defendant's last known residence, ________, to be mailed by first class mail and depositing said wrapper in a post office, official depository, under the exclusive care and custody of the United States Post Office department, with New York State. Mailed on ________.

[ ] **Military Service:** I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. The source of my information and the ground of my belief are the conversations and observations narrated. Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

**Description:**
**Age:** 60 **Perceived Race:** African American **Perceived Gender:** Female **Weight:** 171-200
**Height:** 5'6" **Hair:** Black **Eyes:** **Relationship:** Legal Assistant/Authorized to Accept Service
**Other** Glasses

Joseph Donovan
1292936-DCA

SUBPOENA SERVED
101 CRAWFORDS CORNER ROAD
SUITE 3-102R
HOLMDEL, NEW JERSEY 07733
Telephone No.: 609.619.2330

Pursuant to NY CPLR § 2106. I affirm this October 4, 2025 under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

# EXHIBIT 3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| BRIAN STEARN,<br><br>*Plaintiff*,<br><br>vs.<br><br>PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY, EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA f/k/a GREAT WEST LIFE & ANNUITY INSURNCE COMPANY [collectively GREAT WEST], and EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK,<br><br>*Defendants*. | Case No.: 654279/2025<br><br>**NOTICE OF APPEARANCE AND DEMAND FOR COMPLAINT** |

PLEASE TAKE NOTICE THAT Defendants Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York[1] (collectively, the "Defendants"), hereby appear in this action and demand that Plaintiff Brian Stearn serve a copy of the complaint and all notices and other papers in this action upon Defendants at the address stated below pursuant to CPLR § 3012.

Dated: October 23, 2025

*/s/ Farrah R. Berse*
Farrah R. Berse, Esq.
MAYNARD NEXSEN, PC
The Fred F. French Building
551 Fifth Avenue, Suite 1600
New York, New York 10176
Telephone: (917) 747-6316
Email: farrah.berse@maynardnexsen.com

[1] Empower Life & Annuity Insurance Company of New York is incorrectly named in the Summons as Empower Annuity Insurance Company of New York.

***Attorneys for Defendants Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York***

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2025, the foregoing was served on the following parties through the Court's electronic filing system and additionally via e-mail:

Gerald M. Goll, Esq.
The Law Office of Gerald M. Goll
12 Maxwell Road
East Brunswick, New Jersey 08816
Telephone: (732) 710-8534
E-mail: tuhrmone@yahoo.com

***Attorney for Plaintiff Brian Stearn***

*/s/ Farrah R. Berse*
Farrah R. Berse

# EXHIBIT 4

COUNTY OF NEW YORK SUPREME COURT OF THE STATE OF NEW YORK

BRIAN STEARN

Plaintiff(s) - Petitioner(s)

against

Date Filed 7/18/2025
INDEX # 654279/2025

PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY AND EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA F/K/A GREAT WEST LIFE & ANNUITY INSURANCE COMPANY [COLLECTIVELY GREAT WEST] AND EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK

Defendant(s) - Respondent(s)

STATE OF NEW YORK COUNTY OF ALBANY

**PAUL J. SANTSPREE SR.** being duly sworn, deposes and says: That deponent is not a party to this action, is over the age 18 years and has principal place of business in the County of Albany New York. That at **9:38 AM** on **10/22/2025** at **ONE COMMERCE PLAZA, FLR 20, ALBANY, NY 12257**, deponent served a true copy of a

**SUMMONS WITH NOTICE**

upon **EMPOWER ANNUITY INSURANCE COMPANY C/O SUPERINTENDENT OF FINANCIAL SERVICES** the **Defendant** in this action.

**Mailing**

Deponent completed service by depositing a true copy of each along with a $40 check properly sealed and affixed with first class postage and addressed to:
New York State Department of Financial Services, Corporate Affairs Unit,
One Commerce Plaza - 20th Floor, Albany, New York 12257
in an official depository under the exclusive care and custody of the U.S. Postal Service.

10/22/2025

[ X ] The envelope was marked personal and confidential. [ ] The mailing was also made by certified mail receipt number: [ ] A return receipt was requested.
[ ] an additional copy of the summons was mailed to the defendant pursuant to CPLR 3215
Service is being completed through mail due to COVID-19 closures.

[ X ] The above action had endorsed thereon the index number and the filing date.

I affirm this 22 day of October 2025, under the penalties of perjury under the laws of New York, which may include fine or imprisonment that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

10/22/2025 - PAUL J. SANTSPREE SR.

Subpoena Served LLC
101 Crawfords Corner Road
Suite 3-102R
Holmdel, New Jersey 07733
609.619.2330

COUNTY OF NEW YORK SUPREME COURT OF THE STATE OF NEW YORK

BRIAN STEARN

Plaintiff(s) - Petitioner(s)

against

Date Filed 7/18/2025
INDEX # 654279/2025

PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY AND EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA F/K/A GREAT WEST LIFE & ANNUITY INSURANCE COMPANY [COLLECTIVELY GREAT WEST] AND EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK

Defendant(s) - Respondent(s)

STATE OF NEW YORK COUNTY OF ALBANY

**PAUL J. SANTSPREE SR.** being duly sworn, deposes and says: That deponent is not a party to this action, is over the age 18 years and has principal place of business in the County of Albany New York. That at **9:38 AM** on **10/22/2025** at **ONE COMMERCE PLAZA, FLR 20, ALBANY, NY 12257**, deponent served a true copy of a

**SUMMONS WITH NOTICE**

upon **EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK C/O SUPERINTENDENT OF FINANCIAL SERVICES** the **Defendant** in this action.

**Mailing**

Deponent completed service by depositing a true copy of each along with a $40 check properly sealed and affixed with first class postage and addressed to:
New York State Department of Financial Services, Corporate Affairs Unit,
One Commerce Plaza - 20th Floor, Albany, New York 12257
in an official depository under the exclusive care and custody of the U.S. Postal Service.

10/22/2025

[ X ] The envelope was marked personal and confidential. [ ] The mailing was also made by certified mail receipt number: [ ] A return receipt was requested.
[ ] an additional copy of the summons was mailed to the defendant pursuant to CPLR 3215
Service is being completed through mail due to COVID-19 closures.

[X] The above action had endorsed thereon the index number and the filing date.

I affirm this 22 day of October 2025, under the penalties of perjury under the laws of New York, which may include fine or imprisonment that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

10/22/2025 - PAUL J. SANTSPREE SR.

Subpoena Served LLC
101 Crawfords Corner Road
Suite 3-102R
Holmdel, New Jersey 07733
609.619.2330

COUNTY OF NEW YORK SUPREME COURT OF THE STATE OF NEW YORK

BRIAN STEARN

Plaintiff(s) - Petitioner(s)

against

Date Filed 7/18/2025
INDEX # 654279/2025

PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY AND EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA F/K/A GREAT WEST LIFE & ANNUITY INSURANCE COMPANY [COLLECTIVELY GREAT WEST] AND EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK

Defendant(s) - Respondent(s)

STATE OF NEW YORK COUNTY OF ALBANY

**PAUL J. SANTSPREE SR.** being duly sworn, deposes and says: That deponent is not a party to this action, is over the age 18 years and has principal place of business in the County of Albany New York. That at **9:38 AM** on **10/22/2025** at **ONE COMMERCE PLAZA, FLR 20, ALBANY, NY 12257**, deponent served a true copy of a

**SUMMONS WITH NOTICE**

upon **PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY C/O SUPERINTENDENT OF FINANCIAL SERVICES** the **Defendant** in this action.

**Mailing**

10/22/2025

Deponent completed service by depositing a true copy of each along with a $40 check properly sealed and affixed with first class postage and addressed to:
New York State Department of Financial Services, Corporate Affairs Unit,
One Commerce Plaza - 20th Floor, Albany, New York 12257
in an official depository under the exclusive care and custody of the U.S. Postal Service.
[ X ] The envelope was marked personal and confidential. [ ] The mailing was also made by certified mail receipt number: [ ] A return receipt was requested.
[ ] an additional copy of the summons was mailed to the defendant pursuant to CPLR 3215
Service is being completed through mail due to COVID-19 closures.

[ X ] The above action had endorsed thereon the index number and the filing date.

I affirm this 22 day of October 2025, under the penalties of perjury under the laws of New York, which may include fine or imprisonment that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Subpoena Served LLC
101 Crawfords Corner Road
Suite 3-102R
Holmdel, New Jersey 07733
609.619.2330

10/22/2025 - PAUL J. SANTSPREE SR.

COUNTY OF NEW YORK SUPREME COURT OF THE STATE OF NEW YORK

BRIAN STEARN

Plaintiff(s) - Petitioner(s)

against

Date Filed 7/18/2025
INDEX # 654279/2025

PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY AND EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA F/K/A GREAT WEST LIFE & ANNUITY INSURANCE COMPANY [COLLECTIVELY GREAT WEST] AND EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK

Defendant(s) - Respondent(s)

STATE OF NEW YORK COUNTY OF ALBANY

**PAUL J. SANTSPREE SR.** being duly sworn, deposes and says: That deponent is not a party to this action, is over the age 18 years and has principal place of business in the County of Albany New York. That at **9:38 AM** on **10/22/2025** at **ONE COMMERCE PLAZA, FLR 20, ALBANY, NY 12257**, deponent served a true copy of a

**SUMMONS WITH NOTICE**

upon **EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA F/K/A GREAT WEST LIFE & ANNUITY INSURANCE COMPANY C/O SUPERINTENDENT OF FINANCIAL SERVICES** the **Defendant** in this action.

**Mailing**

Deponent completed service by depositing a true copy of each along with a $40 check properly sealed and affixed with first class postage and addressed to:
New York State Department of Financial Services, Corporate Affairs Unit,
One Commerce Plaza - 20th Floor, Albany, New York 12257
in an official depository under the exclusive care and custody of the U.S. Postal Service.

10/22/2025

[ X ] The envelope was marked personal and confidential. [ ] The mailing was also made by certified mail receipt number: [ ] A return receipt was requested.
[ ] an additional copy of the summons was mailed to the defendant pursuant to CPLR 3215
Service is being completed through mail due to COVID-19 closures.

[ X ] The above action had endorsed thereon the index number and the filing date.

I affirm this 22 day of October 2025, under the penalties of perjury under the laws of New York, which may include fine or imprisonment that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

10/22/2025 - PAUL J. SANTSPREE SR.

Subpoena Served LLC
101 Crawfords Corner Road
Suite 3-102R
Holmdel, New Jersey 07733
609.619.2330

# EXHIBIT 5

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
**——————————————————————————X**

**BRIAN STEARN,**

**Plaintiff,**

**Index No.: 654279/2025**

**VERIFIED COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

**-against-**

**PROTECTIVE LIFE & ANNUITY INSURANCE COMPANY, EMPOWER ANNUITY INSURANCE COMPANY OF AMERICA f/k/a GREAT WEST LIFE & ANNUITY INSURANCE COMPANY, and EMPOWER ANNUITY INSURANCE COMPANY OF NEW YORK**

**Defendants.**
**——————————————————————————X**

**Plaintiff BRIAN STEARN, by his attorney Gerald M. Goll, Esq., the Law Office of Gerald M. Goll, hereby alleges as follows:**

## PARTIES

**1. Plaintiff BRIAN STEARN ("Plaintiff") is an individual residing at 250 East 32nd Street, New York, NY, and at all relevant times was insured under the American Dental Association Group Disability Income Protection Plan, Policy No. 1105DGH-IPP-NY, Certificate No. 435941.**

**2. Defendant Protective Life & Annuity Insurance Company ("Protective") is an insurance company licensed and authorized to issue and administer disability insurance in the State of New York, with its principal mailing address at 2801 Highway 280 South, Birmingham, AL 35223.**

**3. Defendant Empower Annuity Insurance Company of America, formerly known as Great-West Life & Annuity Insurance Company ("Empower America"), is licensed and authorized to issue and administer disability insurance in the State of New York, with a principal address at Gateway Center Three, 7th Floor, 100 Mulberry Street, Newark, NJ 07102.**

**4. Defendant Empower Annuity Insurance Company of New York ("Empower NY") is an insurance company authorized to issue and administer disability insurance contracts in New York, with its principal office at 370 Lexington Avenue, Suite 703, New York, NY 10017.**

## JURISDICTION AND VENUE

**5. Jurisdiction is proper pursuant to CPLR §§ 301 and 302 because Defendants transact business in New York, issue and administer insurance in New York, and the causes of action arise directly from Defendants' insurance transactions directed at this Plaintiff within New York.**

**6. Venue is proper in New York County under CPLR § 503 because Plaintiff resides in New York County. Venue was designated accordingly in the Summons With Notice.**

**PRELIMINARY STATEMENT**

**7. This action arises from Defendants' wrongful reduction, rescission, and partial repudiation of Plaintiff's disability insurance benefits under his long-standing ADA Group Disability Insurance Certificate.**

**8. Plaintiff became disabled in or about 2022. Defendants initially approved disability benefits but then, issued retroactive check adjustments, and purported to "reform" the contract after the claim had already been approved and paid.**

**9. Defendants' actions constitute post-claim underwriting, which is unlawful in New York; materiality under Insurance Law § 3105 is not met; the alleged nondisclosure was not material to the risk; and Defendants' conduct violated multiple provisions of the New York Insurance Law governing fair settlement practices, disclosures, prompt payment, contract standards, and misrepresentation prohibitions.**

**10. Defendants' reduction of Plaintiff's contracted-for benefits, their misapplication of Illinois "situs" in an attempt to circumvent New York protections, and their bad-faith conduct caused Plaintiff substantial financial, emotional, and professional harm.**

**STATEMENT OF FACTS**

**11. On April 27, 1998, Plaintiff became insured under ADA Group Disability Policy No. 1105DGH-IPP-NY. The Certificate originally provided $8,000 per month in long-term disability benefits.**

**12. On June 15, 2013, Plaintiff applied to increase coverage from $8,000 to $15,000. Defendants approved the increase effective September 3, 2013.**

**13. Plaintiff paid premiums continuously for the increased $15,000 benefit for nearly a decade, without interruption, complaint, or indication from Defendants that the coverage had been improperly issued.**

**14. On October 15, 2022, Plaintiff filed a disability claim. Defendants accepted liability and began paying benefits beginning January 27, 2023.**

**15. After paying benefits, Defendants began demanding documents unrelated to the original underwriting process and initiated an after-the-fact "investigation" designed to retroactively reduce benefits.**

**16. On May 25, 2023, Defendants issued a letter (Protective Life and Annuity Insurance Company correspondence) purporting to rescind Plaintiff's contracted-for $15,000**

**benefit and reduce it to $10,000, alleging nondisclosure of other disability policies.**

**17. Defendants acknowledged that Plaintiff had been issued additional disability coverage in 2003 and 2006, but these policies had been known to carriers for years, and Defendants had a full opportunity to obtain underwriting information at issuance and during the decade Plaintiff paid premiums.**

**18. The alleged nondisclosure was not material under Insurance Law § 3105, and Defendants' reliance on it is pretextual.**

**19. Defendants' letter unilaterally declared the 2013 benefit increase "rescinded" and "reformed" the contract to reduce benefits to $10,000 per month.**

**20. Defendants also issued three separate checks purportedly representing refunds and adjustments: $35,942.67, $13,066.66, and $385.15. These checks were not accepted by the Plaintiff and did not constitute an acceptance or acquiesce of claim.**

**21. These checks were issued as part of Defendants' attempt to force Plaintiff to accept a reduced monthly benefit under duress. Plaintiff did accept or cash the payment and the actions of the parties not constitute a settlement, accord and acceptance or acquiesce of claim.**

**22. Defendants' actions constitute bad faith, unfair claims settlement practices, misrepresentation, improper claim denial, and post-claim underwriting, all prohibited under New York law.**

**23. Plaintiff has been damaged by Defendants' refusal to honor the contracted-for $15,000 per month benefit and their ongoing intentional and reckless conduct.**

**AS AND FOR THE PLAINTIFF'S FIRST CAUSE OF ACTION**
**Breach of Contract (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**24. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 23 as if fully set forth herein.**

**25. Plaintiff and Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York entered into a valid and enforceable disability insurance contract, including the Certificate issued under ADA Group Disability Policy No. 1105DGH-IPP-NY, with a monthly benefit of $15,000, effective September 3, 2013.**

**26. Plaintiff fully performed all contractual obligations, including submission of accurate disability claim documentation and the payment of all premiums for the increased $15,000 monthly benefit for approximately ten years.**

**27. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York accepted these premiums, renewed the coverage annually, and**

**continued the policy in force without objection.**

**28. Upon Plaintiff's disability in 2022, Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York initially paid benefits, thereby acknowledging contractual liability.**

**29. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York wrongfully reduced the benefit amount from $15,000 to $10,000, purportedly "rescinding" or "reforming" the benefit increase based on alleged misrepresentations that were not material, were known or knowable to Defendants, and could not justify rescission under New York Law.**

**30. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's refusal to pay the contracted-for $15,000 per month constitutes a material breach of contract.**

**31. As a direct and proximate result, Plaintiff has been damaged in an amount to be determined by a jury, including but not limited to unpaid past benefits, unpaid future benefits, consequential damages, and financial hardship.**

**AS AND FOR THE PLAINITIFF'S SECOND CAUSE OF ACTION**
**Breach of Contract of Disability Insurance (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**32. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 31 as if fully set forth herein.**

**33. A disability insurance policy is a contract for a specific monthly benefit, here $15,000 per month, in the event of Plaintiff's total disability.**

**34. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York were obligated to evaluate Plaintiff's disability claim in accordance with the specific contractual terms, without retroactively altering, revising, reducing, or rescinding the contracted benefit amount.**

**35. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's unilateral "reformation," announced in their letters dated May 25, 2023, constitutes an unlawful modification of the policy after the disability occurred and after benefits commenced.**

**36. Under New York law, insurers may not engage in post-claim underwriting or retroactively alter a benefit after a disability claim has arisen.**

**37. The Certificate's "Time Limit on Certain Defenses" provision does not permit rescission or reduction after the carrier accepted premiums for a decade and after**

**liability was acknowledged.**

**38. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's reduction of Plaintiff's monthly benefit violated the terms of the disability insurance contract they issued, renewed, and accepted premiums for.**

**39. Plaintiff has suffered damages including the loss or delay of disability income, financial strain, and other consequential damages.**

**AS AND FOR THE PLAINITIFF'S THIRD CAUSE OF ACTION**
**Breach of the Covenant of Good Faith and Fair Dealing (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**40. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 39 as if fully set forth herein.**

**41. Every insurance contract in New York contains an implied covenant that neither party will engage in conduct that deprives the other of the benefits of the agreement.**

**42. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York breached the implied covenant by:**

**a. Engaging in post-claim underwriting in order to reduce or avoid payment.**
**b. Purporting to "rescind" or "reform" the contracted benefit after Plaintiff became disabled.**
**c. Misrepresenting the applicability of Illinois law to avoid New York protections.**
**d. Issuing coercive refund checks intended to force Plaintiff to accept a unilateral contract reduction.**
**e. Failing to conduct a fair, timely, and lawful claims investigation.**
**f. Employing pretextual defenses based on alleged nondisclosures that were not material under New York Insurance Law § 3105.**
**g. Exploiting Plaintiff's disability and financial vulnerability to reduce contractual obligations.**

**43. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's conduct was intentional, reckless, malicious, and in knowing disregard of Plaintiff's rights.**

**44. As a result of Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's breach of the covenant of good faith and fair dealing, Plaintiff has suffered financial loss, severe emotional distress, disruption of personal and professional life, and other damages to be determined at trial.**

**AS AND FOR THE PLAINITIFF'S FOURTH CAUSE OF ACTION**

**Bad Faith (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**45. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 44 as if fully set forth herein.**

**46. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York owed Plaintiff a duty to act in good faith, to evaluate his disability claim honestly, and to refrain from using deceptive or coercive tactics to deny or reduce benefits.**

**47. Instead, Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York engaged in a systematic pattern of bad-faith conduct, including:**

**a. intentionally delaying the claim review;**
**b. demanding irrelevant documentation after liability had been accepted;**
**c. asserting pretextual misrepresentation claims;**
**d. manipulating "situs" language to apply Illinois law to a New York disability contract;**
**e. issuing "refund" checks to pressure Plaintiff to accept a reduced benefit;**
**f. ignoring controlling New York statutes protecting insureds;**
**g. attempting to rescind coverage after paying benefits;**
**h. falsely characterizing Plaintiff's disclosures as "material misrepresentations" when they were not.**

**48. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's conduct was designed to reduce their financial exposure, without regard to the contract or Plaintiff's rights.**

**49. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's actions were willful, wanton, reckless, and undertaken with malice and conscious disregard for Plaintiff's financial and personal well-being.**

**50. As a direct and proximate result, Plaintiff suffered monetary loss, disruption of livelihood, severe emotional distress, and other damages.**

**AS AND FOR THE PLAINITIFF'S FIFTH CAUSE OF ACTION**
**Violation of New York Insurance Law § 2601 Unfair Claims Settlement Practices**
**(Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**51. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 50 as if fully set forth herein.**

**52. Insurance Law § 2601 prohibits insurers from engaging in unfair claims settlement practices, including:**

**a. misrepresenting pertinent facts or policy provisions;**
**b. failing to promptly and fairly settle claims;**
**c. failing to adopt and implement reasonable standards for claim investigation;**
**d. compelling insureds to accept reduced benefits to avoid litigation;**
**e. failing to provide reasonable written explanations of claim denials or reductions.**

**53. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York violated § 2601 by:**

**a. mischaracterizing a decade-old underwriting issue as "material";**
**b. using out-of-state law to evade New York consumer protections;**
**c. attempting unlawful contract reformation after the claim was approved;**
**d. delaying payment and issuing coercive refund checks;**
**e. failing to conduct a fair, objective, and timely investigation;**
**f. misrepresenting the significance of Plaintiff's additional coverage.**

**54. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's conduct constitutes unfair claims settlement practices and entitles Plaintiff to damages including punitive damages due to the pattern, frequency, and intentional nature of the violations.**

**AS AND FOR THE PLAINITIFF'S SIXTH CAUSE OF ACTION**
**Violation of New York Insurance Law § 312 Failure to Forward Report of Examination**
**(Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**55. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 54 as if fully set forth herein.**

**56. Insurance Law § 312 requires insurers to forward reports of insurance examinations and to maintain transparency in relevant documentation.**

**57. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York relied on purported underwriting "discoveries" and internal "reviews" to justify the contract reduction but failed to provide Plaintiff with copies of any records, reports, or internal audits they claim to have relied upon.**

**58. Plaintiff demanded documentation directly or indirectly through correspondence, but Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York did not forward the full examination materials.**

**59. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's failure violated Insurance Law § 312 and further evidences a pattern of concealment and unfair claims practices.**

**60. As a result, Plaintiff suffered harm including the inability to meaningfully contest the reduction and increased costs associated with counsel and administrative review.**

**SEVENTH CAUSE OF ACTION**
**Violation of New York Insurance Law § 3105 and Unlawful Denial Based Upon a Non-Material Representation (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**61. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 60 as if fully set forth herein.**

**62. Under Insurance Law § 3105, an insurer may only deny, rescind, or reduce insurance coverage based upon a material misrepresentation that would have led the insurer to refuse coverage had the truth been known.**

**63. The alleged nondisclosure here—other disability policies issued in 2003 and 2006—was:**

**a. not material to the risk;**
**b. known or readily discoverable by Defendants;**
**c. unrelated to the cause of disability;**
**d. not grounds for rescission a decade later;**
**e. barred by the Time Limit on Certain Defenses;**
**f. never shown to have changed underwriting decisions at the time.**

**64. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's own conduct contradicts their claim of materiality, as they:**

**a. approved the benefit increase in 2013;**
**b. accepted premiums for the $15,000 benefit for ten years;**
**c. paid initial disability benefits at the higher rate;**
**d. conducted no contemporaneous underwriting.**

**65. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's attempted contract "reformation" to $10,000 per month is therefore unlawful and void under § 3105.**

**66. Plaintiff has sustained damages including loss of contracted benefits and consequential financial losses.**

**EIGHTH CAUSE OF ACTION**
**Violation of New York Insurance Law § 3209**
**Disclosure Requirements for Annuities, Life Insurance, and Funding Agreements (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**67. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 66 as if fully set forth herein.**

**68. Insurance Law § 3209 requires insurers issuing life, annuity, and certain disability-related products to provide clear and accurate disclosure materials at the time of application and upon issuance of coverage or amendments.**

**69. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York failed to provide Plaintiff with adequate disclosures concerning the underwriting criteria, the alleged limitations relating to additional disability coverage, and any implications regarding the maintenance or increase of the disability benefit.**

**70. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York also failed to disclose that they would later seek to rescind or reduce the benefit based on alleged preexisting coverage, despite collecting premiums for a $15,000 benefit for almost a decade.**

**71. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's disclosure omissions prevented Plaintiff from understanding the purported bases Defendants would later use to deny or reduce benefits.**

**72. As a result of Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's failure to comply with § 3209, Plaintiff suffered financial loss and was deprived of the protections afforded by New York insurance regulations.**

**AS AND FOR THE PLAINITIFF'S NINTH CAUSE OF ACTION**
**Violation of New York Insurance Law § 3216**
**Minimum Standards for Insurance Policies (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**73. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 72 as if fully set forth herein.**

**74. Insurance Law § 3216 sets forth mandatory minimum standards for individual accident and health insurance policies, including disability insurance.**

**75. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York violated § 3216 by:**

**a. issuing a policy that did not comply with mandatory disclosure and renewal requirements;**
**b. failing to include clear, legally required language regarding benefit rescission limitations;**
**c. attempting to enforce contract alterations not authorized under New York law;**
**d. purporting to reduce benefits without providing the disclosures required for such**

**actions.**

**76. The attempted rescission of the $15,000 benefit violates minimum policy standards, as it contradicts the statutory framework that governs the issuance and continuation of disability insurance in New York.**

**77. As a result of these violations, Plaintiff suffered financial damages including loss of contracted disability benefits.**

**AS AND FOR THE PLAINITIFF'S TENTH CAUSE OF ACTION**
**Violation of New York Insurance Law §§ 3224 and 3224-a - Prompt Payment of Insurance Claims (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**78. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 77 as if fully set forth herein.**

**79. Insurance Law §§ 3224 and 3224-a require insurers to promptly review and pay claims and prohibit unnecessary delays, reductions, or withholding of benefits.**

**80. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York violated these requirements by:**

**a. delaying payments after liability was acknowledged;**
**b. suspending full payment without lawful basis;**
**c. issuing partial payments followed by coercive refund checks;**
**d. engaging in post-claim underwriting to justify delay and reduction;**
**e. failing to adhere to statutory timeframes for continued disability benefit review.**

**81. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's actions constitute repeated failures to promptly pay valid claims.**

**82. As a direct result, Plaintiff was deprived of essential disability income, suffered hardship, and incurred additional costs.**

**AS AND FOR THE PLAINITIFF'S ELEVENTH CAUSE OF ACTION**
**Violation of New York Insurance Law § 4226 - Misrepresentations, Misleading Statements, and Incomplete Comparisons by Insurers**
**(Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**83. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 82 as if fully set forth herein.**

**84. Insurance Law § 4226 prohibits insurers from issuing or circulating:**

**a. deceptive or misleading representations;**

**b. incomplete policy comparisons;**
**c. statements that misrepresent the benefits, advantages, conditions, or terms of a policy.**

**85. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York violated § 4226 by:**

**a. misrepresenting the nature of Plaintiff's benefits;**
**b. falsely asserting that Plaintiff was ineligible for the $15,000 benefit;**
**c. issuing misleading statements purporting to "reform" the policy retroactively;**
**d. using incomplete and inaccurate comparisons to justify benefit reductions;**
**e. failing to disclose controlling New York law.**

**86. These misrepresentations were deliberate and intended to reduce Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's financial obligations.**

**87. Plaintiff suffered damages including diminished disability benefits, financial distress, and other harms.**

**AS AND FOR THE PLAINITIFF'S TWELFTH CAUSE OF ACTION**
**Violation of New York General Obligations Law § 5-335 -Reduction of Disability Benefits (Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**88. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 87 as if fully set forth herein.**

**89. General Obligations Law § 5-335 prohibits insurers from reducing or reclaiming disability payments via improper setoffs, subrogation-style reductions, or coercive repayment mechanisms.**

**90. Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, and Defendant Empower Annuity Insurance Company of New York violated § 5-335 by:**

**a. reducing Plaintiff's contracted-for disability benefit from $15,000 to $10,000;**
**b. issuing coercive refund checks to induce acceptance of reduced coverage;**
**c. attempting to recoup premiums paid for the higher benefit;**
**d. using extrajudicial methods to force a contract modification.**

**91. These actions unlawfully interfered with Plaintiff's statutory entitlement to disability benefits.**

**92. As a consequence, Plaintiff suffered economic damages and consequential losses.**

**THIRTEENTH CAUSE OF ACTION**

**Further Bad Faith, Recklessness, Malice, Wanton Disregard, and Gross Negligence**
**(Against Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of America, and Empower Annuity Insurance Company of New York)**

**93. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 92 as if fully set forth herein.**

**94. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's conduct in this case reflects a longstanding pattern of reckless disregard for Plaintiff's rights and a purposeful intent to avoid contractual obligations.**

**95. Defendant Protective Life & Annuity Insurance Company's, Defendant Empower Annuity Insurance Company of America's, and Defendant Empower Annuity Insurance Company of New York's actions constitute:**

**a. gross negligence;**
**b. willful misconduct;**
**c. wanton disregard of statutory and contractual duties;**
**d. malicious intent to deprive Plaintiff of disability benefits.**

**96. Such conduct warrants punitive damages to deter similar misconduct by Defendant Protective Life & Annuity Insurance Company, Defendant Empower Annuity Insurance Company of America, Defendant Empower Annuity Insurance Company of New York and others in the insurance industry.**

**AD DAMNUM CLAUSE (Relief Requested)**

**97. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 96 as if fully set forth herein.**

**WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:**

**A. Compensatory Damages**
**For all unpaid disability benefits owed under the contract, including but not limited to retroactive benefits calculated at the full $15,000 per month, with statutory interest.**

**B. Future Disability Benefits**
**A declaratory determination that Defendants must continue paying Plaintiff $15,000 per month for the duration of his disability, consistent with the contract and New York Insurance Law.**

**C. Consequential Damages**
**For all reasonably foreseeable economic losses, including loss of income, financial distress, and additional costs incurred due to Defendants' conduct.**

**D. Emotional Distress Damages**
**For severe emotional harm caused by Defendants' bad-faith and reckless actions.**

**E. Punitive Damages**
**In an amount to be determined by a jury, due to Defendants' willful, malicious, grossly negligent, wanton, and reckless conduct.**

**F. Attorneys' Fees and Costs**
**Including the reasonable fees of Plaintiff's attorney, pursuant to New York law and the court's inherent equitable powers.**

**G. Statutory Damages**
**Under the relevant sections of the New York Insurance Law and General Obligations Law.**

**H. Declaratory Relief**
**Declaring that Defendants' attempted rescission, reformation, reduction, or "adjustment" of the Certificate is void and unenforceable under New York law.**

**I. Injunctive Relief**
**Enjoining Defendants from further reducing, denying, delaying, or interfering with Plaintiff's disability benefits.**

**J. Any further relief**
**As the Court deems just, proper, and equitable.**

Dated November 12th, 2025 **Electronically Signed for All Affirmations [-S-] Gerald M. Goll**

**Gerald M. Goll, Esq.**
**NYS Bar No. 1865096**
**The Law Office of Gerald M. Goll**
Tel:(732) 710-8534
Fax: (732) 254-4862
Email: Tufrmone@yahoo.com

**To: Farrah R. Berse, Esq.**
**MAYNARD NEXSEN, PC**
**The Fred F. French Building**
**551 Fifth Avenue, Suite 1600**
**New York, New York 10176**
**Telephone: (917) 747-6316**
**Email: farrah.berse@maynardnexsen.com**
**Attorneys for: Empower Life & Annuity Insurance Company of New York ,** ***Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York***

**DEMAND FOR A JURY TRIAL**

Plaintiff Brian Stearn hereby demands a trial by jury of all issues of fact.

Dated November 12th, 2025 **Electronically Signed for All Affirmations [-S-] Gerald M. Goll**

**Gerald M. Goll, Esq.**
**NYS Bar No. 1865096**
**The Law Office of Gerald M. Goll**
Tel:(732) 710-8534
Fax: (732) 254-4862
Email: Tufrmone@yahoo.com

**To: Farrah R. Berse, Esq.**
**MAYNARD NEXSEN, PC**
**The Fred F. French Building**
**551 Fifth Avenue, Suite 1600**
**New York, New York 10176**
**Telephone: (917) 747-6316**
**Email: farrah.berse@maynardnexsen.com**
**Attorneys for: Empower Life & Annuity Insurance Company of New York ,** ***Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York***

**CERTIFICATION OF NO OTHER LITIGATION**

The undersigned does hereby certify that the matter in controversy is the subject of no other pending lawsuits, proceedings or arbitration so in existence or currently contemplated of which I am aware.

Respectfully Submitted

Dated: October 2nd, 2024.

**Electronically Signed [-S-] Gerald M. Goll**
Gerald M. Goll, Esq. Defendant Pro Se
Tel:(732) 710-8534
Fax: (732) 254-4862
Email: Tufrmone@yahoo.com

**CERTIFICATION OF NO OTHER PENDING LAWSUITS AND REMOVAL OF ALL PERSONAL IDENTIFIERS**

**The Plaintiff Brian Stearn by and through his attorney, The Law Office of Gerald M.Goll hereby certifies and affirms that the causes of action in the Complaint are not the subject of any other pending lawsuits, proceedings or arbitration now in existence or currently contemplated of which the Plaintiff is aware.**

**I further affirm affirm and certify that the confidential personal identifiers have been redacted from documents now submitted to the Court and wil be redacted from all documents submitted in the future ni accordance with Rules of this Court.**

**Verification of Complaint**

Pursuant to CPLR 3020, Gerald M. Goll, Esq., attorney for Plaintiff Brian Stearn hereby verifies, affirms and certifies that the above pleading is true to the best of the knowledge of the undersigned except as to those matters stated to be made upon information and belief and as to those matters the undersigned believes them to be true.

The source of the undersigned's knowledge is the interviews and conversations with my client Brian Stearn and upon a review of the legal file maintained by this office.

This Complaint is verified by the undersigned attorney because the Plaintiff neither resides, works nor is present in the county in which the Attorney maintains his office.

**Dated: November 12th, 2025** <u>**Electronically Signed, Affirmed [-S-] Gerald M. Goll**</u>

**Gerald M. Goll, Esq.**
**NYS Bar No. 1865096**
**The Law Office of Gerald M. Goll**
Tel:(732) 710-8534
Fax: (732) 254-4862
Email: Tufrmone@yahoo.com

## CERTIFICATION PURSUANT TO NYCRR 22 SEC 130-1.1A

Gerald M. Goll, an attorney duly admitted to the Courts of the State of New York hereby affirms and certifies that to the best of my knowledge, information and belief, formed after reasonable inquiry with my client and a review of the Complaint and attached legal documents:

**(1)** the presentation of the Plaintiff's Complaint or the contentions therein are not frivolous as defined in section 130-1.1(c) of this Subpart; and

**(2)** in that this document is a response to an initial pleading

**(i)** the undersigned hereby certifies and affirms that matter contained in the responding document therein was not obtained through illegal conduct, or that if it was, the parties responsibility for the illegal conduct do not include the undersigned attorney and are are not participating in the matter nor sharing in any fee earned therefrom; and

**(ii)** **(ii)** the matter was not obtained in violation of Part 1200. Rule 4.5 of this Title.

## AFFIRMATION OF SERVICE VIA ELECTRONIC SUBMISSION TO THE COURTS (ECOURTS) AND BY EMAIL:

**GERALD M. GOLL, an attorney duly admitted to the Supreme Court of the State of New York hereby affirms and certifies the following:**

1. **The undersigned represents Brian Stearn Plaintiff in in this action.**

2. **The Plaintiff herein, via the undersigned attorney validly served a copy of the following document(s): The Complaint and Demands for Discovery.**

**on the Following:** **Farrah R. Berse, Esq.**
**MAYNARD NEXSEN, PC**
**The Fred F. French Building**
**551 Fifth Avenue, Suite 1600**
**New York, New York 10176**
**Telephone: (917) 747-6316**
**Email: farrah.berse@maynardnexsen.com**
**Attorneys for: Empower Life & Annuity Insurance Company of New York ,** ***Protective Life & Annuity Insurance Company, Empower Annuity Insurance Company of American f/k/a Great-West Life & Annuity Insurance Company, and Empower Life & Annuity Insurance Company of New York***

by electronically uploading and submitting the aforesaid documents to the NYS E Courts website and by emailing a copy of the documents to Farrah R. Berse, Esq. / MAYNARD NEXSEN PC to their email addresses:

**farrah.berse@maynardnexsen.com**

Dated November 12th, 2025 **Electronically Signed for All Affirmations [-S-] Gerald M. Goll**

**Gerald M. Goll, Esq.**
**NYS Bar No. 1865096**
**The Law Office of Gerald M. Goll**
Tel:(732) 710-8534
Fax: (732) 254-4862
Email: Tufrmone@yahoo.com